[Western Union Telegraph Co. v. Rowell.]

# Western Union Tel. Co. *v.* Rowell.

### *Damages for Failure to Deliver Telegram.*

(Decided Jan. 13, 1910. Rehearing denied Feb. 26, 1910.
51 South. 880.)

1. *Appeal and Error; Harmless Error; Pleading.*—A defendant can protect himself against recovery of improper items of damages stated in the complaint by objections to evidence and special instructions, and hence, it is harmless error to refuse to strike such items from the complaint.

2. *Same; Admissions of Evidence.*—Where the facts sought to be shown were either conceded or there was other undisputed evidence thereof, the admission of evidence thereof is harmlss if improper; so also is it harmless to admit improper evidence if the error be cured by afterwards excluding same.

3. *Same; Reservation of Grounds for Review.*—In the absence of a motion on the trial to exclude it, the admission of improper evidence will not be reviewed on appeal.

4. *Evidence; Physical Condition; Opinion Evidence.*—Where the action was for failure to deliver a telegram on account of which plaintiff was delayed in reaching the bedside of his sick wife, testimony of her physician as to the wife's nervous condition at and before the plaintiff's arrival, was admissible.

5. *Telegraphs and Telephones; Failure to Deliver; Instructions.*—A charge asserting that plaintiff cannot recover damages for mental suffering based merely on the wife's suffering, or superinduced by the wife's suffering alone is misleading and argumentative as applied to an action for damages for failure to deliver telegram.

6. *Same; Delivery.*—Where the telegram was addressed in care of a specific railroad shop, a delivery to a person at the shop but having no connection therewith is not a good delivery.

7. *Same; Failure to Deliver; Defenses.*—Where the action was for failure to deliver a message, the defense that the message was sent C. O. D. and under the rules of the defendant, the message could not be delivered without the payment of the charges, and that there was no person at the shop in care of which the message was directed to pay such charges, to be available must be specially pleaded.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Action by W. H. Rowell against the Western Union Telegraph Company for failure to deliver a message. Plaintiff had judgment, and defendant appeals. Affirmed.

[Western Union Telegraph Co. v. Rowell.]

A statement of the pleadings and the facts in this case may be found in the former report of it in 153 Ala. 295, 45 South. 73. The assignments of error referred to in the opinion are as follows: (2) In overruling defendant's objection to the following question asked plaintiff of the witness: "Did you nave any conversation with Mr. Mitchell about any telegram?" (3 and 4) Witness' answer: That in answer to question asked him by Mr. Mitchell he said that there was no telegram that he knew of, and that Mitchell then stated that he did not know whether the message was for him or not, but that he saw a messenger boy with a message addressed to W. H. Powell, and he said that he thought possibly it might have been intended for witness. (6) The court erred in overruling defendant's objection to the following question propounded to plaintiff: "How long did your wife live after that?" (7, 8, 9, and 10) Relate to questions asked the physician as to the wife's condition as to nervousness at and before plaintiff's arrival, and the physician's answers thereto.

The following charges were refused to the defendant: "(4) The court instructs the jury that, under the pleadings and evidence in this case, the plaintiff cannot recover damages for mental suffering based merely upon the wife's suffering, or superinduced by the wife's suffering alone. (5) The court instructs the jury that, if they believe from all the evidence in this case that the defendant, its servants or agents, promptly transmitted the message transcribed in the complaint to Montgomery to plaintiff, in care of Atlantic Coast Line Railway shop, and exercised reasonable diligence to deliver said message to the defendant, or to deliver it to some one at said railway shop, then defendant discharged its duty to plaintiff, and plaintiff is not entitled to recover in this action. (6) The court instructs the jury that, if they

believe from the evidence in this case that the message sent to plaintiff was sent collect, and that under the rules and regulations of defendant in force at that time a message sent could not be left with a third person without the payment of the toll for sending the message, and if the jury believe that the plaintiff was not in the city of Montgomery, or at the Atlanic Coast Line Railway shop, on December 31, 1903, and that no one at said Atlantic Coast Line Railway shop, to whom the telegram testified about in this case was presented, paid or offered to pay the toll due for transmitting the said message, then there was no duty upon the defendant to leave said mssage at said Atlantic Coast Line Railway shop."

RUSHTON & COLEMAN, for appellant. It is a well established principle of law that the injury complained of should be the proximate result of negligence and the direct and proximate result of the breach of the contract complained of.—27 A. & E. Enc. of Law, 1035. The 2nd and 3rd grounds of damages stated in the complaint furnished no basis of recovery, and motion to strike should have been sustained.—*Dougherty v. A. U. T. Co.*, 75 Ala. 168; s. c. 89 Ala. 191; *W. U. T. Co. v. Wade*, 83 Ala. 542; 79 Tex. 649; 24 Tex. Civ. App. 84. The court erred in admitting evidence as to the condition of the wife before plaintiff got there, and erred in refusing charge 9.—27 A. & E. Enc. of Law, 1075, and authorities in notes 6 and 7. Counsel discuss the other charges refused and also the motion for a new trial, and in support of the motion for new trial they cite.— *W. U. T. Co. v. Rowland*, 45 South. 73; *W. U. T. Co. v. Seed*, 115 Ala. 670; *W. U. T. Co. v. Weniski*, 106 S. W. 486.

John V. Smith and Hill, Hill & Whiting,. for appellee.: A . defendant .may · protect himself against improper elements of damages by objection to and requested instructions as was done in this case.—*Couch v. Davidson*, 109 Ala. 321;·*A. G. S. v. Tapia*, 94 Ala. 226.. The court did .not err relative to the testimony.— *W. U. T. Co. v. Rowell*, 45 South. 73; *Harris v. The State*, 96 Ala. 98. It is presumed that the jury does its duty and obeys the instruction of the court, and that the jury followed the court in its charge not to consider the evidence formerly admitted.—*Smith v. The State*, 107 Ala. 122; *DeYampert v. The State*, 139 Ala. 55. The condition of the wife was competent to be shown.—*W. U. T. Co. v. Rowell*, supra; 3 Mayf. 572. Counsel dis-cuss charges given and refused, but without further citation of authority.

EVANS, J.—This action is predicted upon an alleged breach of a contract whereby the defendant undertook, for a reward, to transmit and deliver a telegraphic message sent to the plaintiff by his agent. The plaintiff obtained a verdict and judgment, on the trial in the lower court, for the sum of $1,500, and the defendant prosecutes this appeal to reverse the judgment.

The first ground in the assignment of errors challenges the correctness of the court's decision overruling the defendant's motion to strike from the complaint certain items of damages therein claimed. The refusal of the trial court to strike the items of damages from the complaint was not reversible error, even though such items were not recoverable, for the reason that the defendant might protect himself against the recovery of such damages by objections to evidence or by special charges to the jury to exclude them.—*Vandiver & Co. v. Waller, Adm'x*, 143 Ala. 411, 417, 39 South. 139, and the

cases there cited. This is the second appeal in this cause, the report of the cause on the former appeal appearing in 153 Ala. 295, 45 South. 73. On the second trial issue was joined on the complaint and on the plea of the general issue.

The testimony as to plaintiff's conversation with Mitchell could not have worked any injury to the defendant. All that it tended to show was that a message had gone to the Atlantic Coast Line shops, addressed to W. H. Powell; and this was a conceded fact in the case, or, at least, the evidence in respect thereto was undisputed. This disposes of the second, third, and fourth grounds in the assignment of errors.

The trial court was within the ruling made on the first appeal, in allowing this question to be propounded to the plaintiff: "What did she (plaintiff's wife) say to you, when you first got there, about her sickness?" Even if a part of the answer to the question is illegal, in the absence of a motion to exclude it we cannot notice it here. The principle that although reversible error may be committed in admitting testimony, yet if the court subesquently excludes such testimony erroneously admitted the error is cured, is too well established in this jurisdiction to be now overturned. In accordance with this principle, the appellant can take nothing by the sixth ground in the assignment of errors.—*Smith's Case,* 107 Ala. 139, 144, 145, 18 South. 306; *DeYampert's Case,* 139 Ala. 55, 36 South. 772.

The exceptions to the testimony of witnesses Ward and Cameron, in regard to the physical condition of Mrs. Rowell, presented for review by the seventh, eighth, ninth, and tenth grounds in the assignment of errors, possess no merit. Under the express ruling made when the cause was here before, such testimony was held admissible.—*Western Union Tel. Co. v. Rowell,* 153 Ala. 295, 45 South. 73.

Charges 4, 5, and 6, requested by the defendant, were properly refused. Charge 4 is misleading and argumentative, and, besides, does not assert a correct proposition of law. It is not in consonance with the ruling made in the case on the former appeal.—153 Ala. 295, 320, 321, 45 South. 73. If it had asserted, simply, that the plaintiff could not recover for the mental suffering of the wife, it should have been given; but that was not its purport. But even if such had been its purport or tenor, the fact remains that the defendant received the benefit of that proposition under the charges given at its request, found on pages 51 and 52 of the record. If the defendant had delivered the message to some one at the railway shops, but who had no connection with the shops, manifestly this would not have been a performance of its duty under the contract; hence, charge 5 was well refused.

As has been stated, the case was tried on the general issue; no rule of the company was pleaded, hence, that the message was sent collect was immaterial, and charge 6 was properly refused. Furthermore, the charge ignored the arrangement made by Cameron with the agent of the defendant, at Notasulga, in respect to toll for the message.

We have given consideration to the decision of the court overruling the motion for a new trial. The only ground of the motion here discussed is that the verdict is excessive. We cannot agree with appellant upon this proposition. It was submitted to the jury to determine the amount of damages, and upon consideration of the evidence we cannot say that the verdict of $1,500 is excessive.

There is in the record no error requiring a reversal of the judgment, and consequently it must be affirmed.

Affirmed.

[Miller-Brent Lumber Co. v. Stewart.]

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.

The foregoing opinion was prepared by Justice DENSON before his retirement as associate justice, and has been adopted as the opinion of the court.

