(84 South. 266)

STANDRIDGE v. MARTIN.    (6 Div. 847.)

(Supreme Court of Alabama.   Nov. 27, 1919.)

NEW TRIAL �köö29 — ARGUMENT OF COUNSEL THAT DEFENDANT WAS PROTECTED BY INSURANCE WARRANTS SETTING ASIDE VERDICT.

Argument by counsel that defendant was protected by insurance indemnity is so subtle and seductive that the evil effects cannot be removed by its exclusion and instruction to disregard it, but verdict for plaintiff should be set aside.

Appeal from Circuit Court, Jefferson County; Charles W. Ferguson, Judge.

Action by J. S. Standridge against T. W. Martin for damages for an automobile accident. There was judgment for plaintiff which on motion of the defendant was set aside, and plaintiff appealed. Affirmed.

After setting out the minute entries relating to the motion for a new trial, the bill of exception recites:

Said motion for a new trial coming on for hearing on, to wit, * * * the following evidence and exhibits was submitted by the defendant in support of said motion. (Here follows the testimony of W. H. Sadler and the affidavit of A. W. Brasselton and an exhibit thereto showing memoranda made by some of the jury in the process of arriving at a verdict.) Then follows a recital that the plaintiff here introduced in evidence the affidavits of A. Hirsch, J. T. McCarty, and Mack Singleton, jurors in the case, and these affidavits are set out. Then follows this recital: The court after hearing and considering said motion for a new trial, and the evidence and affidavits in support thereof, and the affidavit introduced as opposed to the granting of said motion did on, to wit, * * * grant said motion, etc.

The bill contains no express recital that it contained all the evidence before the court on the motion.

Allen, Bell & Sadler, of Birmingham, for appellant. The general statutory rule does not require that all the evidence, or even the substance of all the evidence, should be set out. Section 2846, Code 1907, as amended Acts 1915, 722. Judicial officers are supposed to comply with the law. 9 Ency. of Evidence, 952. The presumption is that the substance of the evidence is in the bill of exceptions. 8 Miss. 255; 65 W. Va. 415, 64 S. E. 450, 23 Mich. 36.

Cabaniss & Cabaniss, of Birmingham, for appellee. In the absence of a showing in the bill of exceptions that it contains all of the evidence offered on the hearing of the motion, the presumption is that there was sufficient evidence to justify the granting of the motion. 172 Ala. 313, 54 South. 1002; 165 Ala. 259, 51 South. 727; 196 Ala. 627, 72 South. 171; 12 Ala. App. 543, 68 South. 477. The argument and question of counsel were grossly improper and highly prejudicial. 187 Ala. 490, 65 South. 528; 182 Ala. 561, 62 South. 199; 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037; 159 Ala. 52, 48 South. 662; 104 Ala. 471, 16 South. 538.

SOMERVILLE, J. Although the objectionable argument of plaintiff's counsel was excluded from the consideration of the jury by the trial judge, with an appropriate instruction to disregard it, we are nevertheless of the opinion that it falls within that class of argumentative statements which are grossly improper and highly prejudicial, and whose evil influence and effect cannot be eradicated from the minds of the jury by any admonition from the trial judge. B. R. L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543; B. R. L. & P. Co. v. Drennen, 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037; Florence, etc., Co. v. Field, 104 Ala. 471, 480, 16 South. 588, 540.

In a later case this court declared that the trial court committed "highly prejudicial error in the allowance of testimony to show, or tending to show, that defendant was indemnified in the premises, in any degree or fashion, by an insurance company," and that "the obligation of court and counsel to exhaust every reasonable means for the removal of all reasonably possible prejudice from the minds of the jury enhances as the subject of the illegal admission is apparently susceptible to subtle and sinister effect upon the discharge by the jury of the grave and supremely important duty committed to the jury." Watson v. Adams, 187 Ala. 490, 498, 499, 65 South. 528, 530.

In the Watson Case it was ruled on appeal that the mere exclusion of illegal evidence of insurance indemnity would not suffice to remove the high prejudice of its wrongful admission. If that ruling was sound—and we think it was—it is clear that the mere exclusion of this statement of counsel, with the observation that it was improper, coupled with its conditional withdrawal by offending counsel, could not sufficiently remove the poison of the utterance.

There can scarcely be made to a jury a more seductive and insidious suggestion than that a verdict for damages against the defendant before them will be visited, not upon that defendant, but upon some invisible corporation whose business it is to stand for

---

�kööFor other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and pay such damages. Such a suggestion, once lodged in the minds of the jury, is almost certain to stick in their consciousness, and to have its effect upon their verdict, regardless of any theoretical exclusion of it by the trial judge.

In such cases the obvious, and indeed the only, remedy is to set aside the verdict and order another trial. See the excellent discussion of this subject, with a review of the authorities, by Grum, J., in A. I. & F. Co. v. Benenante, 11 Ala. App. 644, 66 South. 942.

Let the judgment and order of the circuit court be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.