173 So. 392

## ALABAMA COCA–COLA BOTTLING CO. v. STANFIELD.

### 7 Div. 434.

Supreme Court of Alabama.

March 25, 1937.

Goodhue & Lusk, of Gadsden, for appellant.

Rains & Rains, of Gadsden, for appellee.

**BROWN, Justice.**

The gravamen of the plaintiff's complaint is that "defendant *negligently* bottled or allowed to remain in said bottle when said coca cola was bottled, a coca cola cap or other foreign matter" which rendered the coca cola unfit for human consumption. (Italics supplied.) Birmingham Chero-Cola Bottling Co. v. Clark, 205 Ala. 678, 89 So. 64, 17 A.L.R. 667; Lewis et al. v. Linkett, 232 Ala. 233, 167 So. 286.

Defendant's special charge, made the basis of assignment of error 1, states a sound proposition of law as applied to the case as presented on the evidence, and might well have been given. However, the oral charge of the court fully covered this proposition and the refusal of the charge was not error which justifies a reversal of the judgment. Code 1923, § 9509; Nickerson v. State, 205 Ala. 684, 88 So. 905.

The other special charges upon which assignments of error 2, 3, and 4 are grounded, if they had been given, would have invaded the province of the jury, in that they each assume that the facts hypothesized constituted negligence on the part of the plaintiff proximately contributing to his hurt.

In Birmingham Nat. Bank v. Bradley, 108 Ala. 205, 208, 19 So. 791, 795, decided more than forty years ago, this court held that the persistent propounding to witnesses of questions and proffers to produce testimony, in defiance of the ruling of the court, for the purpose of getting before the jury facts or statements, not admissible and calculated to prejudice their judgment, "demands the prompt interference of the court, and a verdict should not be allowed to stand obtained by such a practice."

This rule has since been consistently adhered to. Birmingham Baptist Hospital, Inc., v. Blackwell, 221 Ala. 225, 128 So. 389; Brotherhood of Railroad Trainmen et al. v. Jennings, 232 Ala. 438, 168 So. 173; Porter Coal Co. v. Davis, 231 Ala. 359, 165 So. 93.

The conduct of plaintiff's counsel during the cross-examination of defendant's witnesses Dumas and Bridges, the predicate for grounds 1, (a), (b), (c), (d), and (e) of the motion for a new trial, was within the rule of these cases, and the question was properly raised by defendant's objection and motion for mistrial, and was renewed in the motion for a new trial.

The judgment here is that the court erred in overruling the defendant's motion for a new trial. For this error, let the judgment be reversed.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.