87 So.2d 857

Jack PEARSON

v.

BIRMINGHAM TRANSIT COMPANY.

6 Div. 995.

Supreme Court of Alabama.

May 24, 1956.

Hare, Wynn & Newell, Birmingham, for appellant.

Deramus, Fitts, Johnston & Mullins, Birmingham, for appellee.

**PER CURIAM.**

This is an appeal by plaintiff from a judgment rendered on a verdict for defendant in a suit for personal injuries claimed as the result of the negligence of defendant in causing a city bus to collide with plaintiff's automobile which had been brought to a stop for a red light at the intersection of the streets. The collision occurred in April 1954. Both vehicles were headed east on Third Avenue N., in Birmingham, which is a four lane highway and intersects 30th Street. Plaintiff had passed the bus and had stopped for the red light. His car was partly on or very near the line dividing the two lanes headed east. Plaintiff claims he had stopped for a few seconds when defendant's bus came up and struck his car in the rear causing him personal injuries. Defendant claims that as they were both slowing for a stop signal plaintiff's car turned to its right and ran in front of the bus, and that the bus could not be stopped in time to prevent bumping the rear fender very lightly. Defendant disputed the claim of personal injury which plaintiff asserted. There was much evidence in that respect, together with evidence of doctors' and hospital bills.

Practically all the assignments of error relate to overruling the motion for a new trial. On an appeal under section 764, Title 7, Code, the appellant may assign for error that the court "improperly granted or refused to grant a new trial". This satisfies Supreme Court Rule 1, Code 1940, Tit. 7 Appendix. Such an assignment of error justifies consideration of any ground of the motion stated with sufficient definiteness to direct the court's attention to the alleged erroneous ruling. Cobb v. Malone, 92 Ala. 630(2), 9 So. 738; Suits v. Glover, 260 Ala. 449, 71 So.2d 49, 43 A.L.R.2d 465; Roan v. McCaleb, Ala., 84 So.2d 358 [1]. On such an assignment we would consider any ground of the motion which is clear and specific and which is argued by counsel.

The principal insistence made by counsel for appellant in that connection is that the court should have granted plaintiff's motion for a new trial because the jury was influenced by passion, prejudice or other improper motive, and because contrary to the great weight of the evidence resulting from two questions propounded to plaintiff as a witness seeking to show that plaintiff was carrying insurance which covered his damages claimed in the complaint; and that his claim for damages was either reduced or entirely covered by it.

[1]. Ante, p. 31.

There was evidence that in January 1954, before April 1954 when the accident here involved occurred, plaintiff had sustained an accident while driving a different car. Defendant proved without objection that plaintiff had collision insurance on that accident. He was not personally injured. Later, on cross examination, counsel for defendant asked plaintiff if he did not have medical coverage by the State Farm Insurance Company covering the accident of April 1954 (here involved). The objection by plaintiff's counsel to this question was that it is immaterial. The objection was sustained. The court made the following observation:

"Let me be sure I understand. Maybe I am assuming too much, but it would be my ruling on the law if a man buys a policy and pays for it which gives him money to pay for medical bills, if he has them, and the money comes in that fashion and then he sues somebody for that, he could recover for those medical bills if he could recover at all. That would be a proper element to be recovered for, if it has been paid for through a policy that he himself has paid for. That is my ruling. I assume that is a question of that sort."

Thereupon the following proceedings were had:

"Q. I believe you have already testified you had an insurance policy, collision insurance policy at the time of this wreck down here on the Florida Short Route in January 1954, is that right? A. Yes, sir.

"Q. That had medical payment coverage, covered you for medical coverage that you were required to pay for any injuries received? A. Yes, sir.

"Q. And you did not make any claim for medical payments on that occasion? A. No, sir.

"Q. Now, on this night in April, 1954 when you got this dent in the bumper, you did make claim for medical payment under your policy, did you not?

"Mr. Hare: I object on the same grounds as before.

"Mr. Johnston: I am asking him now if he made claim for medical payment on this occasion?

"Mr. Hare: We object to it.

"The Court: When counsel uses the term, 'medical payment', do you mean did he make claim for money to reimburse him for payments that he has made for medicines and doctors?

"Mr. Johnston: Yes, sir, I mean that, or that his insurer did pay the doctors in lieu of his paying it.

"The Court: I will sustain. I don't think that is material.

"Mr. Johnston: We except.

"Mr. Hare: I move to exclude that. I did not move to exclude on the other incident because I thought it was preliminary. I now move to exclude whether he made any claim for the Florida Short Route incident. I guess if he had it then he has it now.

"Mr. Johnston: He says he made no claim for that accident.

"The Court: I ruled it doesn't make any difference whether he had such policy or didn't.

"Mr. Hare: That is all I need. Thank you.

"The Court: I mean insofar as his ability to sue for medical bills here is concerned it wouldn't make any difference."

Those are the incidents which appellant claims should have required the granting of his motion for a new trial. Appellee claims that the motion for a new trial is not specific enough with reference to those incidents. The only ground of the motion he claims to be directly in point is the ninth which is that "the court erred in

allowing the defendant to ask questions about collision insurance that plaintiff carried". (But the court made no such ruling.)

Other grounds of the motion are that the verdict was against the great weight of the evidence; was the result of passion and prejudice, or other improper motive; or was the result of surprise, accident or mistake. The remaining grounds need no discussion.

■ In consultation the Court has concluded that the motion for a new trial does not sufficiently present the question for consideration and review on this appeal. In order to do so the motion for a new trial should specify as one of its grounds the conduct claimed to be prejudicial and ineradicable, and without such ground of the motion it is not sufficient to present the question.

But the Court has reached the conclusion that it is appropriate at this time to refer to the question involved and express its opinion so that it may be a guide to the future course of such trials.

■ An important question is whether plaintiff can take advantage of that situation by a motion for a new trial unless he made a motion for a mistrial, when it occurred. But defendant should not have the privilege of voluntarily forcing the plaintiff either to move for a mistrial and thereby cause a continuance of his case, or accept the consequences of illegal matter prejudicial and ineradicable in effect. The rule is that the party so adversely affected may have a new trial on that account without having made a motion for a mistrial. But to be so, its influence must be ineradicable. Birmingham Ry., Light & Power Co. v. Drennen, 175 Ala. 338, 57 So. 876; Anderson v. State, 209 Ala. 36(20), 95 So. 171; American Ry. Express Co. v. Reid, 216 Ala. 479, 113 So. 507; Pure Milk Co. Inc., v. Salter, 224 Ala. 417, 140 So. 386; National Biscuit Co. v. Wilson, 256 Ala. 241(13), 54 So.2d 492; Alabama Great Southern R. Co. v. Gambrell, 262 Ala. 290,

78 So.2d 619. Those cases do not expressly refer to arguments about insurance or other improper reference to insurance carried by the opposing party, but declare a general principle.

■ With reference to an argument made by counsel emphasizing the existence of insurance carried by his opponent covering the transaction, this Court has taken the position that its influence is ineradicable, Standridge v. Martin, 203 Ala. 486, 84 So. 266; Colquett v. Williams, Ala., 86 So.2d 381,[1] and therefore it is not incumbent upon his adversary to move the court for a mistrial, but he has the privilege of waiting until there is an adverse verdict and then move for a new trial.

In the instant case there was no argument by counsel or side remark in that connection. The only conduct of defendant's counsel which could be supposed to be reprehensible was, first, to ask the plaintiff the question if he had insurance, probably realizing at the time that it was not competent evidence that he had such insurance, and after the court had sustained objection to it and expressed the view to defendant's counsel that such evidence was immaterial, then it may be said to be reprehensible for defendant's counsel to propound the same question in substance to plaintiff as a witness. So that the conduct on the part of defendant's counsel, alleged to be reprehensible, was in asking the question in the first place, and then repeating it after there had been an adverse ruling.

In the case of Birmingham Baptist Hospital v. Blackwell, 221 Ala. 225, 128 So. 389, 392, this Court gave emphasis and effect to the principle that it will "constitute grounds for new trial if counsel, in disregard of the court's ruling that a certain line of evidence is inadmissible, persists in attempting to get such evidence before the jury to the prejudice of the unsuccessful party". The opinion quotes from a Kentucky case, Louisville & Nashville R. Co. v. Payne, 133 Ky. 539, 118 S.W. 352, 353, in part as follows: " 'The misconduct of

1. Ante, p. 214.

counsel complained of in this case was the repeated asking of incompetent questions over the objection of counsel for defendant, and in the face of the rulings of the court that such questions were incompetent' ". It was held in that case, as pointed out by this Court: " 'When the trial court had so decided and ruled, counsel for plaintiff should have desisted in his efforts to bring the matter before the jury. Of course a large discretion is allowed an attorney in presenting his case, and so long as it does not appear that he is knowingly and intentionally violating the rules of practice in the introduction of evidence, or otherwise, the fact that he does so will furnish no grounds of complaint to opposing counsel, where the error is corrected by the court; but in a case like that here presented, where counsel persistently pursues a line of interrogation which the court rules to be wrong, and which one reasonably well acquainted with the rules governing the admission of evidence must know to be improper, the conclusion is irresistible that it is done for the purpose of influencing and prejudicing the minds of the jury in arriving at a verdict. No court should countenance such conduct.' " To the same effect are Birmingham National Bank v. Bradley, 108 Ala. 205, 19 So. 791; Porter Coal Co. v. Davis, 231 Ala. 359(10), 165 So. 93; Alabama Coca-Cola Bottling Co. v. Stanfield, 234 Ala. 44, 173 So. 392. The principle has been settled for a long time in this State and apparently elsewhere.

The Court does not imply that the conduct of defendant's counsel on this occasion comes within the principle declared above. But counsel should be careful to avoid saying or doing anything which would lead the jury to believe that his opponent has insurance to protect him in respect to the matter in controversy, when it is not admissible for any proper purpose.

We cannot agree with counsel for appellant that the motion for a new trial should have been granted because the verdict was contrary to the great weight of the evidence, or that it manifested par-

tiality or bias or other improper motive, or on other ground argued by counsel.

The judgment should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, except as indicated in the opinion, while serving on the Court at the request of the Chief Justice under authority of Title 13, § 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.