90 So.2d 781

William Murphy THORNE

v.

Mattie Lee PARRISH.

8 Div. 881.

Supreme Court of Alabama.

Nov. 15, 1956.

**194**

Jesse A. Keller, Florence, for appellant.

C. E. Carmichael, Jr., Tuscumbia, for appellee.

SIMPSON, Justice.

This is an appeal from a judgment of the circuit court in a personal injury action. The single count submitted to the jury charged simple negligence. The defendant filed pleas of the general issue and contributory negligence.

A timely motion for new trial was overruled. Several grounds of the motion for new trial and the appellant's assignments of error pertain to the admission of evidence on the subject of insurance. This question arose while a witness for the defendant was being cross examined by the plaintiff. In that connection the record discloses the following:

"Cross Examination

"By Mr. Carmichael: [Attorney for plaintiff]

\*    \*    \*    \*    \*    \*

"Q. Who have you given a statement to before concerning this wreck?

"Defendant objects, that is immaterial and irrelevant whether he has ever given a statement.

"By Mr. Carmichael: I want to show it to impeach the witness' testimony, I want to show that he has given another statement.

"Objection overruled.

"Defendant reserves an exception.

"By the Court: Go ahead.

"By Mr. Keller: [Attorney for defendant] Just a moment, your honor, please. (A conference took place at the Judge's Bench between the Attorneys and the Judge, out of the hearing of the jury and the Court Reporter.)

"By the Court: Go ahead with the questions, and you make your objections, and I will rule on them at the proper time.

"Q. Have you ever given another statement in regard to this accident? A. Yes sir, I sure have.

"Q. Who did you give that statement to? A. That day or the next one, *it was an insurance company, I don't know his name.* [Emphasis supplied.]

"By the Court: You don't have to use his occupation, if you know his name you may say.

"Defendant objects and moves to exclude that testimony and at this point we move for a mistrial, we ask that the jury be excluded, your honor.

"Objection and motion overruled.

"Defendant reserves an exception.

"Q. Now, Mr. Holt. * * *

"By Mr. Keller: We want the record to show that prior to the time that Mr. Carmichael asked this question that counsel for the defendant requested that the jury be excluded. The court denied the motion and the defendant excepted. The question involved was who he had given a statement to.

"By Mr. Carmichael: That is all."

It should be presently observed that the plaintiff did not at any time during the trial attempt to impeach the witness with the statement—if indeed it would have been permissible. It is clear to us that the plaintiff's sole purpose in asking to whom the statement was made, knowing that the statement was made to an insurance adjuster, was to convey the idea to the jury that the defendant was covered by insurance.

Then plaintiff's counsel's closing argument to the jury where he stated, *"after they collect $30,000 Murphy Thorn* [def.] *and I will still be friends"* could well have been interpreted to mean—in connection with the previous cross examination of witness Holt—that the plaintiff's attorney and the defendant were friends and would still be friends after the jury gave the plaintiff $30,000 of the defendant's money because the defendant was indemnified.

It is prejudicial error to allow testimony to show or tending to show that a party is indemnified in any degree or fash-

ion by an insurance company. Pearson v. Birmingham Transit Company, 264 Ala. 350, 87 So.2d 857; Colquett v. Williams, 264 Ala. 214, 86 So.2d 381; Standridge v. Martin, 203 Ala. 486, 84 So. 266; Watson v. Adams, 187 Ala. 490, 65 So. 528.

When insurance is injected into the case during the questioning of witnesses, our cases hold that the prejudicial error may be eradicated. Colquett v. Williams, supra; Wagnon v. Patterson, 260 Ala. 297, 70 So.2d 244; Cannon v. Scarborough, 223 Ala. 674, 137 So. 900. The error on that point was cured in the Colquett case by later evidence showing that the insurance belonged to a person not a party to the suit. The prejudicial errors caused by irresponsive answers about insurance in both the Wagnon and Cannon cases were cured by prompt exclusion of the testimony by the trial judge and adequate instructions to the jury to the effect that insurance was not to be considered in their verdict.

But with reference to an argument made by counsel emphasizing the existence of insurance carried by his opponent covering the transaction, this Court has taken the position that the influence is ineradicable. Pearson v. Birmingham Transit Company, supra; Colquett v. Williams, supra; Edwards v. Earnest, 206 Ala. 1, 89 So. 729, 22 A.L.R. 1387; Standridge v. Martin, supra.

Colquett v. Williams, supra [264 Ala. 214, 86 So.2d 386], is similar to the instant case in two respects. Both cases had prejudicial evidence relative to insurance elicited from a witness and also improper argument to the jury. The prejudicial testimony of the witness in the Colquett case, which error was cured as indicated above, was " ' * * * I can't call his name right now—an insurance adjuster. * * *' " The improper argument in the Colquett case, which was held to be ineradicable was, " * * * *'whose money is the boy trying to get?'* * * *" and " * * * *'wouldn't you feel that the people you paid to protect you should take care of this child in some way?'* "

The evidence elicited from the witness in the instant case was "it was an insurance company, I don't know his name." The prejudicial effect of the above evidence was in no sense attempted to be cured or eradicated by the trial judge by excluding the evidence from the jury and giving proper instructions. Instead, the trial judge emphasized the fact of insurance by refusing a timely motion to exclude the evidence and by saying, *"You don't have to use his occupation,* if you know his name you may say." (Emphasis supplied.)

The effect of counsel's improper argument to the jury, "after they collect $30,000 Murphy Thorn and I will still be friends" in the instant case, when considered along with the prejudicial evidence regarding insurance must perforce work a reversal of the case. The motion for a new trial should have been granted.

The errors pointed out above make it unnecessary to consider the other assignments of error.

Reversed and remanded.

GOODWYN, MERRILL and SPANN, JJ., concur.