104 So.2d 712

**Doris J. TRAVIS, pro aml**

v.

**Milton Victor HUBBARD.**

4 Div. 932.

Supreme Court of Alabama.

June 5, 1958.

Rehearing Denied Aug. 28, 1958.

3. Ante, p. 509.

Leland G. Enzor and Jas. M. Prestwood, Andalusia, for appellant.

A. R. Powell, Jr., and Tipler & Fuller, Andalusia, for appellee.

SIMPSON, Justice.

Plaintiff sued the defendant for injuries resulting from an automobile collision between vehicles driven by the parties. There was a verdict and judgment for the defendant and a motion for a new trial which was denied. The plaintiff has appealed from the judgment in behalf of the defendant and assigned errors as to several matters that occurred during the course of the trial.

One of the matters complained of is part of the closing argument of counsel for the defendant. For this argument to be properly understood certain events that took place during the trial should be borne in mind. The defendant called as a witness the highway patrolman who investigated the accident. During this witness's direct testimony the following occurred:

"Q. Now on that report with reference to the conditions of the vehicles, did you show vehicle defects, did you show the vehicle No. 1, which is the Travis car, defect—tires?

"Mr. Prestwood: We object to that, if the Court pleases.

"The Court: Sustain the objection.

"Mr. Tipler: We except.

"Q. And did you put no defects on Mr. Hubbard's car?

"Mr. Prestwood: We object to that.

"The Court: Sustain the objection.

"Mr. Tipler: We except.

\*  \*  \*  \*  \*  \*

"Q. With reference to this on violation, you have a spot where you mark violations, don't you?

"Mr. Prestwood: Now we object.

"The Court: I have already sustained the objection to that. I have sustained objection to offering that in evidence and you are asking him about what is on that thing, and I sustain the objection to it.

"Mr. Tipler: We except. I want to show what he made right at the time, what he put down.

"The Court: There is a way to do that, but not that way though.

"Mr. Tipler: I have to confess I don't know how except to ask him.

"The Court: Mr. Tipler, you want me to tell you. You can use it to refresh his recollection. Don't ask him what's on that report.

"Q. To refresh your recollection, with reference to the Hubbard car, did you mark no improper driving indicated?

"Mr. Prestwood: We object.

"The Court: Sustain the objection.

"Mr. Tipler: Well, I asked him. I refreshed his recollection.

"The Court: You asked him if he marked that, and that's not the way to do it.

"Q. To refresh your recollection, in your judgment did you find that Mr. Hubbard did nothing improper as far his driving was concerned?

"Mr. Prestwood: We object.

"The Court: Sustain the objection. That's a pretty broad statement when he wasn't there, that he did nothing improper.

"Mr. Tipler: From his investigation he found nothing improper.

"The Court: Sustain the objection.

"Mr. Powell: We except.

"Q. I'll refresh your recollection, did you find there, did you mark on here with reference to violations to this young lady that there was violation which was that she got excited and lost control of the vehicle?

"Mr. Prestwood: We object to that.

"The Court: Sustain the objection.

"Mr. Tipler: We except.

"Mr. Prestwood: We object and ask that counsel be instructed to refrain from a course of interrogation that he admittedly by his demeanor knows that he can't get in evidence the way he is doing it.

"The Court: Sustain the objection."

On one or more occasions the defendant offered the patrolman's report in evidence but the trial court refused to admit it.

The record recites the following:

"Further in his argument to the jury, Mr. Tipler made the following statement: 'Because he knows here is really the report of the patrolman, and he knows that if you were allowed to see it you wouldn't be back there two minutes.' "

Whereupon, the following colloquy took place:

"Mr. Prestwood: Now we object to that if the Court please.

"The Court: Overrule."

The above argument was manifestly improper. There is certainly no point in excluding illegal evidence from a jury if it can still be argued to them. In many cases the evidence kept from the jury would not be near so harmful as an argument such as the above. By analogy we point out the cases that have held that the repeated attempt to get illegal evidence before the jury may in itself be sufficient cause for reversal. In Porter Coal Co. v. Davis, 231 Ala. 359, 165 So. 93, 97, we stated:

"It also appears that in the opening statement to the jury by plaintiff's counsel, and his questions to plaintiff as a witness, he continued to press matters which the court had ruled were illegal, and which were illegal, and whose only effect was to prejudice the jury against defendant. When a ruling is made, and by it the question is fairly presented and exception is taken, or it is subject to review without exception, we have often referred to the impropriety of continuing to attempt to bring out the same matter, which has a tendency to inflame the minds of the jury. Birmingham Baptist Hospital v. Blackwell, 221 Ala. 225, 128 So. 389; Britling Cafeteria Co. v. Shotts, 230 Ala. 597, 162 So. 378; Pryor v. Limestone County, 225 Ala. 540, 144 So. 18; Birmingham Electric Co. v. Ryder, 225 Ala. 369, 144 So. 18."

The proposition was recently discussed in Pearson v. Birmingham Transit Co., 264 Ala. 350, 87 So.2d 857, 860. The following language from that case is pertinent to our consideration:

"In the case of Birmingham Baptist Hospital v. Blackwell, 221 Ala. 225, 128 So. 389, 392, this Court gave emphasis and effect to the principle that it will 'constitute grounds for new trial if counsel, in disregard of the court's ruling that a certain line of evidence is inadmissible, persists in attempting to get such evidence before the jury to the prejudice of the unsuccessful party'. The opinion quotes from a Kentucky case, Louisville & Nashville R. Co. v. Payne, 133 Ky. 539, 118 S.W. 352, 353, in part as follows: ' "The misconduct of counsel complained of in this case was the repeated asking of incompetent questions over the objection of counsel for defendant, and in the face of

the rulings of the court that such questions were incompetent" '. It was held in that case, as pointed out by this Court: ' "When the trial court had so decided and ruled, counsel for plaintiff should have desisted in his efforts to bring the matter before the jury. Of course a large discretion is allowed an attorney in presenting his case, and so long as it does not appear that he is knowingly and intentionally violating the rules of practice in the introduction of evidence, or otherwise, the fact that he does so will furnish no grounds of complaint to opposing counsel, where the error is corrected by the court; but in a case like that here presented, where counsel persistently pursues a line of interrogation which the court rules to be wrong, and which one reasonably well acquainted with the rules governing the admission of evidence must know to be improper, the conclusion is irresistible that it is done for the purpose of influencing and prejudicing the minds of the jury in arriving at a verdict. No court should countenance such conduct." ' To the same effect are Birmingham National Bank v. Bradley, 108 Ala. 205, 19 So. 791; Porter Coal Co. v. Davis, 231 Ala. 359(10), 165 So. 93; Alabama Coca-Cola Bottling Co. v. Stanfield, 234 Ala. 44, 173 So. 392. The principle has been settled for a long time in this State and apparently elsewhere."

We have no hesitancy in holding that the referred to argument is improper and the trial court's overruling the objection thereto is reversible error.

■ But it is argued by appellee that "Questions to be reviewed on appeal must first be presented to the trial court by motion for a new trial, and questions not so presented cannot be considered on appeal". The motion for a new trial in the instant case did not mention the improper argument which we have discussed. Appellee cites the following cases in support of the

above proposition of law: Pearson v. Birmingham Transit Co., 264 Ala. 350, 87 So.2d 857; Davis v. Smitherman, 209 Ala. 244, 96 So. 208; Southern Ry. Co. v. Dickson, 211 Ala. 481, 100 So. 665; Batson v. State, 216 Ala. 275, 113 So. 300; Pierce v. Floyd, 38 Ala.App. 439, 86 So.2d 658. None of these cases supports the contention. In the first cited case the error assigned was the overruling of the motion for a new trial. The second case involved the excessiveness of a verdict, but no such ground was contained in the motion for new trial so as to invite the trial court's ruling thereon and therefore could not be reviewed. The third case also involved a question that had never been presented for a ruling in the court below. The fourth involved failure to give requested charges where the record did not show that the trial court had refused to give them. Again it was a proposition of no ruling—no error. The fifth case is entirely unrelated to the problem here presented.

■ The rule stated in 3 C.J., Appeal and Error § 881, page 976, and in 4 C.J.S. Appeal and Error § 376, p. 1236, that no review can be had of the rulings of the trial court on the admission and rejection of evidence without a motion for a new trial, does not apply in Alabama. The rule in Alabama is that such rulings by the trial court are reviewable on appeal without a motion for a new trial. See Bradley v. Deaton, 208 Ala. 582(7), 94 So. 767. The earlier cases of Western Union Telegraph Co. v. Rowell, 166 Ala. 651, 51 So. 880; McCarver v. Doe, 135 Ala. 542, 33 So. 486; and City of Mobile v. Murphree, 96 Ala. 141, 11 So. 201, are not in conflict with the Alabama rule.

The argument is also advanced by appellee that the error now under discussion cannot be considered by this Court because the record fails to show that appellant reserved an exception to ruling of the trial court. It is our view, however, that § 818 (1), Tit. 7, Code, Pocket Part, alleviates the necessity of such an exception in the instant case. For the information of those who

might not be familiar with this statute, we here quote it:

"The following rule of procedure shall apply in any judicial proceeding in any court in this state, whether civil, criminal or in equity:

"Exceptions to rulings or any order or orders of the court are unnecessary and for all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and the grounds therefor."

■■ The statute as pertinent is practically a verbatim copy of Rule 46 of the Federal Rules (Rules of Federal Civil Procedure), 28 U.S.C.A. We therefore will adopt as far as possible the construction placed on the rule by the Federal courts. Those courts have construed the rule to require a specific objection, rather than a general one, except if the ground is so manifest that the trial court and counsel cannot fail to understand. Johnston v. Reily, 82 U.S.App.D.C. 6, 160 F.2d 249. See also Barron & Holtzoff, Federal Practice and Procedure (Rules Ed.) Sec. 1021.

In view of the many objections made to the introduction of the officer's report (manifestly inadmissible) and the sustaining of the objections thereto by the court during the course of the trial, it seems quite apparent to us that the trial court and counsel were well aware of the ground of objection to the oral argument by plaintiff's counsel. The objection and the ruling thereon are properly before us for review. See also our Circuit and Inferior Court Rule 33, Code 1940, Tit. 7 Appendix, for an analogy.

■ In view of another trial, we deem it proper to make mention of the introduction in evidence of a photograph of the appellee (defendant) nude from the waist up, and bearing bandages and dressings to show certain injuries, which included a broken collar bone. We can conceive of no relevancy of such photograph. It shed no light on any issue of the case on trial.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.