104 So.2d 478

### Mrs. R. B. CHADWICK
### v.
### CITY OF BIRMINGHAM.
6 Div. 193.

Supreme Court of Alabama.

June 26, 1958.

Sam R. Shannon, Jr., Shannon & Conerly, Birmingham, for appellee.

Beddow, Gwin & Embry and Roderick M. MacLeod, Jr., Birmingham, for appellant.

MERRILL, Justice.

Appellant sued the City of Birmingham for injuries which she received when the automobile which she was driving slid off the street, went down an embankment and into a tree at the bottom of a steep hill. The city's liability was predicated upon the allegations that the street was dangerous or unsafe for the operation of automobiles thereof by reason of loose slag, gravel or stone being upon the unpaved street.

The jury found in favor of the appellee, and a motion for a new trial was overruled.

The argued assignments of error are concerned with the action of the court in over-ruling the motion for a new trial. The single ground of the motion argued in brief is ground No. 10, which is as follows:

"10. For that the verdict of the jury was a result of the conduct of counsel

for defendant which said conduct was prejudicial and which prejudice was ineradicable from the minds of the jury and which said conduct consisted of the remarks of counsel for defendant as follows:

" 'Mr. Clark: Now, that is the secret to this case, yes, I am not trying to ridicule the plaintiff, but I am saying to you in all sincerity that this is the kind of unfortunate occurrence the burden of which is not to be imposed on the City. I may be walking out here hunting and my gun may go off, I may be walking down the street, walking in a place of business and I may fall down and break my leg, but there are people in business to protect me against that sort of situation, there are accident insurance companies and other insurance companies.

" 'Mr. Embry: We object to that, he knows it is improper.

" 'The Court: I will sustain that as to insurance companies.

" 'Mr. Embry: We move that be excluded.

" 'The Court: Disregard about the insurance, that is not an issue here.'

"To which conduct the plaintiff duly and legally reserved an exception."

█ Appellant was not required to make a motion for a mistrial in order to bring up the question of the injection of insurance coverage on the motion for a new trial. In Pearson v. Birmingham Transit Co., 264 Ala. 350, 87 So.2d 857, 859, we said:

"* * * But defendant should not have the privilege of voluntarily forcing the plaintiff either to move for a mistrial and thereby cause a continuance of his case, or accept the consequences of illegal matter prejudicial and ineradicable in effect. The rule is that the party so adversely affected may have a new trial on that account without having made a motion for a mis-

trial. But to be so, its influence must be ineradicable. (Citing cases.) * *"

Concededly, the quoted statement was not necessary to the decision in the Pearson case, but it was felt that it was appropriate for the court to "express its opinion so that it may be a guide to the future course of such trials." The question is before us in the instant case and we reiterate the quoted portion from the Pearson case.

That brings us to the question of whether the effect of the injection of possible insurance coverage in the statement to the jury was ineradicable.

In Birmingham Railway, Light & Power Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, 84, we said:

" * * * Each case of this character must be decided upon its own merits. There is no horizontal rule by which these qualities can be ascertained in all cases. Much will depend upon the issues, the parties, and the general atmosphere of the particular case. The final test is: Can the prejudicial tendency or effect of the improper statement be counteracted by an appropriate instruction from the trial judge, or is it probably beyond the reach of such remedial action?"

█ The argument which is the basis of ground No. 10 of the motion for a new trial is not of itself grossly improper and highly prejudicial. The trial court sustained the objection "as to insurance companies" and excluded that part of the argument from the jury's consideration. Ordinarily, this would have been sufficient.

But appellant argues that the prejudicial nature of the argument became ineradicable because it had already been brought out in evidence that appellant had a suit pending against Colonial Life & Accident Insurance Company in which she was claiming damages under an accident policy for the same injuries and losses. However, appellant had been questioned by adversary counsel

**646**

and her own counsel concerning depositions she had made in her suit against the insurance company. Where, as here, the deposition of the plaintiff in a pending case contained statements inconsistent with her testimony in the instant case, it was permissible to cross examine her as to the discrepancies and afford her an opportunity of explaining them. Murphy v. Pipkin, 191 Ala. 111, 67 So. 675.

If it can be said that the statement in the argument that "there are accident insurance companies and other insurance companies" could be a reference to appellant's suit against an insurance company, then that remark was supported by the evidence, added nothing which was not already in evidence at the instance of both parties, and, therefore, does not come within the rule that the reference in argument to the fact that a party has liability insurance is sometimes so highly prejudicial that its effect cannot be removed by any instruction which the court might make. Birmingham Electric Co. v. Carver, 255 Ala. 471, 52 So.2d 200; Clark-Pratt Cotton Mills Co. v. Bailey, 201 Ala. 333, 77 So. 995. In the first cited case, the evidence supported the remark, and in the second, the import of the language used by counsel is not clear. In both cases, this court held that the allusion objected to was not so grossly improper and so highly prejudicial as to have been beyond the reach of the corrective measures applied to it by the court. We take a similar view of the occurrence in the instant case.

We do not think the cases of Colquett v. Williams, 264 Ala. 214, 86 So.2d 381; Thorne v. Parrish, 265 Ala. 193, 90 So.2d 781; Clark v. Hudson, 265 Ala. 630, 93 So. 2d 138; Standridge v. Martin, 203 Ala. 486, 84 So. 266, and Alabama Fuel & Iron Co. v. Benenante, 11 Ala.App. 644, 66 So. 942, cited by appellant, are applicable to the facts in the instant case.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.