ALMON, Justice.
This is an appeal from a declaratory judgment in favor of State Farm Mutual Automobile Insurance Company.
State Farm and Ray Pollard filed suit on March 6, 1980, seeking a declaration as to the rights of the parties under a policy of insurance issued by State Farm to Pollard. The basis of the suit was that State Farm had been called on to defend Joe Eathorne under the terms of the policy issued to Pollard.
The car covered by the State Farm policy was involved in an accident while being driven by Joe Eathorne. Delores Terry, an occupant of the other car involved in the accident, was killed. The administratrix of her estate filed a wrongful death suit against Eathorne claiming damages as the result of his alleged negligence in causing the accident. Eathorne then called on State Farm to defend him under Pollard’s policy. State Farm and Pollard claim that the car covered by the policy was sold to Eathorne and hence there was no coverage afforded Eathorne' under the policy. The main factual issue in dispute was whether Pollard had in fact sold the car to Eathorne or merely let him borrow it. This question was submitted to the jury, which found that Eathorne did own the car at the time of the accident. Subsequent to the jury verdict, the court entered a declaratory judgment in favor of State Farm and Pollard as follows:
The Court finds that the plaintiff, State Farm Mutual Automobile Insurance Company, has heretofore issued an automobile liability policy, No. 423 1701 F25 01D, and has been called on by the defendant, Joseph Eathorne, to defend and afford liability coverage to said defendant for an *683 automobile accident occurring on December 26, 1979, in Tuscaloosa County, Alabama, which accident is made the basis of that civil action pending in this Court styled Mary Terry, as Administratrix of the Estate of Delores Terry, Deceased, vs. Joseph Eathrone, same being Civil Action No. CV-80-55.
The Court further finds and does hereby order and declare that the defendant, Joseph Eathorne, was not an insured under said insurance policy with respect to said automobile accident; that the plaintiff, State Farm Mutual Automobile Insurance Company, is not obligated under said insurance policy to defend or afford liability coverage to the defendant, Joseph Eathorne, as to said Civil Action No. CV-80-55 and the said automobile accident on which it is based; that plaintiff, State Farm Mutual Automobile Insurance Company, is not obligated to pay or indemnify Joseph Eathorne against all or any portion of any judgment that hereafter may be rendered against said defendant in said Civil Action No. CV — 80-55 on account of said automobile accident; and that the remaining defendants, Mary Terry, as Administratrix of the Estate of Delores Terry, Deceased, James Jones and Auto-Owners Insurance Company, have no rights or status under said insurance policy as third party beneficiaries or otherwise on account of said automobile accident and are not entitled to obtain, or attempt to obtain, payment or satisfaction of any judgment which may be hereafter rendered in said Civil Action No. CV-80-55 against the defendant, Joseph Eathorne, on account of said accident.
Auto-Owners had issued James Jones, the owner of the car Terry was driving, an automobile liability insurance policy which included uninsured motorist coverage. The plaintiffs’ attorney, over objection, introduced the Auto-Owners policy.
The question presented by this appeal is whether a plaintiff insurance company, in a declaratory judgment action seeking to determine coverage under a policy issued by the plaintiff, may introduce in evidence before a jury the fact that another insurance company will be liable if the jury decides that there is no coverage under the plaintiffs’ policy.
It is a general rule of long standing that it is error to introduce the fact of liability insurance to show that a party will not have to pay the judgment. This is true unless insurance coverage is in some way relevant to an issue in the case. Robins Engineering, Inc. v. Cockrell, 354.So.2d 1 (Ala. 1977); Thorne v. Parrish, 265 Ala. 193, 90 So.2d 781 (1956); Colquett v. Williams, 264 Ala. 214, 86 So.2d 381 (1956). The rule also extends to counsel’s argument to the jury. Thorne, supra; Colquett, supra.
In the present case, Auto-Owners, in response to a request for production by the plaintiffs, filed an objection to that part of the request concerning the Auto-Owners insurance policy. The objection stated that it was Auto-Owners position that the Auto-Owners policy was not an issue in the case and would not be admissible at trial.
During opening argument to the jury, the plaintiffs alluded to the coverage provided for in the Auto-Owners policy. The defendants objected and moved to exclude the statement. This objection was overruled. Subsequently, the plaintiffs were allowed to enter the Auto-Owners policy into evidence over the objection of the defendants. The defendants again objected when the plaintiffs argued the uninsured motorist coverage during closing arguments.
The only issue before the court and jury was whether there was coverage under State Farm’s policy and this issue depended solely on whether Eathorne had title to the automobile.
After an examination of the record we conclude that the injection of the uninsured motorist coverage into the trial by the plaintiffs was reversible error. It was not relevant to any issue in the declaratory judgment action and could only have prejudiced the jury in its decision. For this reason, the judgment must be reversed and the cause remanded for a new trial.
*684 Because of our decision on this issue, we do not consider the other errors asserted by the defendants.
REVERSED AND REMANDED.
TORBERT, C. J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.