This appeal arises from a suit for damages for personal injuries filed against five of the plaintiff's co-employees and against his employer's workmen's compensation insurance carrier, alleging failure to provide a safe workplace, wantonness, and negligent inspection. After a trial on the merits, a jury returned a verdict in favor of the insurance carrier and a verdict in favor of the plaintiff against the individual co-employees, awarding $1,000,000.00 in compensatory and punitive damages. These defendants argue that plaintiff's counsel improperly referred to the workmen's compensation and employer's liability policy in such a way as to lead the jury to believe that liability imposed upon the individual defendants would be indemnified under the policy. *Page 1311 
On January 26, 1983, Aaron Anderson, while working at the TMA Plywood Plant in River Falls, Alabama, severely injured his hand in a chipper machine. Anderson was the chipper operator, and part of his job was to keep the drive chain free of debris. As he was removing a stick that was caught in the chain, a sprocket caught his glove and pulled his hand into the drive chain. The questions presented to the jury regarding liability related to whether the defendants allowed the machine to be operated with the safety guard removed, whether they failed to have a functioning switch close by to stop the machine in the event of such an accident, whether they provided proper training, warnings, and tools to Anderson, and the like.
The insurance company defendant, Georgia Casualty Surety Company, introduced the workmen's compensation and employer's liability policy as an exhibit for the purpose of showing that the policy gave Georgia Casualty the right but not the duty to inspect the premises and that it disavowed any undertaking to determine or warrant that the workplace was safe.
During his closing argument, the attorney for the five individual defendants made the following remarks:
 "First, when you start talking about punitive damages, who are you going to punish? Wantonness. This plaintiff has asked you ladies and gentlemen of the jury to stick it to us, stick it to us. Who are you going to stick it to, those five people right there? TMA is not in here. Stick it to them. What do they deserve to be stuck to, punish, send a message. Who are you going to send a message to?
Later, during plaintiff's counsel's rebuttal argument, he stated:
 "He says, Mr. Marvin [Albritton, attorney for the individual defendants] — and I put this in quotes, says you want to stick it to these individuals. You know there has been some talk about one of these exhibits and it is defendant, Georgia Casualty's Exhibit No. 8 and there has been some talk about you applying your common sense and this policy is a standard workmens' compensation and employer's liability policy."
The attorney was holding the policy as he made these remarks.
Counsel for Georgia Casualty interrupted the argument at this point and requested to be heard in chambers. That attorney made extensive arguments about the impropriety and prejudicial effect of injecting insurance into the case,[1] after which the attorney for the individual defendants stated:
 "Judge, for the record, I want to put in that I had nothing to do with the introduction of this. I'm representing five Defendants out there. He has now mentioned it to the jury as containing coverage for these individuals out there and that is highly, highly prejudicial to us. I had nothing to do with putting it in or anything else. And we objected to it."
Both defense attorneys moved for a mistrial. When the trial court denied those motions, the attorney for Georgia Casualty requested curative instructions, but the trial court denied the request, expressing the opinion that to give such instructions would only emphasize what had been said.
In reversing a denial of a new trial, this Court has stated: "[W]ith reference to an argument made by counsel emphasizing the existence of insurance carried by his opponent covering the transaction, this Court has taken the position that the influence is ineradicable." Thorne v. Parrish, 265 Ala. 193,195, 90 So.2d 781, 783 (1956) (citations omitted). The principle that reference to indemnification or insurance of an opposing party is highly prejudicial and grounds for a mistrial or a new trial is firmly established. Coffee v. Seaboard SystemRailroad, 507 So.2d 476 (Ala. 1987); Otwell v. Bryant,497 So.2d 111 (Ala. 1986); Eathorne v. State Farm Mutual Auto. Ins. Co.,404 So.2d 682 (Ala. 1981); Robins Engineering, Inc.,354 So.2d 1 (Ala. 1977); Colquett v. Williams, 264 Ala. 214,86 So.2d 381 (1956). *Page 1312 
The statement made during plaintiff's rebuttal argument in this case improperly suggested to the jury that the individual defendants would be indemnified for any liability imposed upon them in the case. The insurance policy was introduced for a limited and completely different purpose and only as to another defendant; that is, it was introduced only to show the extent of Georgia Casualty's duty to inspect and the effect of any such duty. It did not cover the individual defendants. Anderson's argument that the remarks were proper reply in kind to opposing counsel's remarks about "sticking it to" the individuals is not well taken. The defense was properly contrasting the individual employees and their corporate employer, which was not a defendant. A proper reply in kind to the remarks about "sticking" the individuals, for example, would have been to focus on the blameworthiness of those individuals' actions.
Because we cannot say that the improper reference to insurance did not affect the verdict, especially in light of the size of the verdict, we hold that the trial court erred in denying appellants' motion for new trial. The judgment is therefore reversed and the cause is remanded.
REVERSED AND REMANDED.
MADDOX, JONES, SHORES and BEATTY, JJ., concur.
[1] Georgia Casualty's attorney stated that there was no coverage for the individual defendants under the policy, but incidentally also mentioned that there was another policy which did cover them.