# Swoope *v.* The State.

*Indictment for Murder.*

.1. *Husband and wife; private statement made by wife to husband inadmissible in evidence.*—Statements made by a wife to her husband while they were alone, and which are shown to have been private, are privileged communications, and are, therefore, inadmissible in evidence.

2. *Murder; charge erroneous which precludes the jury from finding the defendant guilty of a lesser degree of homicide.*—On a trial under an indictment for murder, a charge to the jury which confines them in their verdict to a conviction for murder in the first degree, or to an acquittal, precluding them by its terms from finding the defendant guilty of a lesser degree of criminal homicide, is erroneous and properly refused.

APPEAL from the Circuit Court of Lawrence.

Tried before the Hon. H. C. SPEAKE.

The appellant was indicted and tried for the murder

of Tillman Oliver, was convicted of murder in the first degree, and sentenced to the penitentiary for life.

On the trial of the cause, as is shown by the bill of exceptions, Annie Lou Swoope, a witness for the State, testified that the defendant and the deceased were alone in a room in her house while she was at the door of her room across the passage-way. That she saw the defendant get his pistol and go where Oliver was sitting, and pointing the pistol at him, said that he would shoot him; that Oliver protested and asked him to stop fooling with the pistol, whereupon the defendant fired upon Oliver, from the effects of which shot he died.

On the cross-examination of this witness, Annie Lou Swoope, she was asked if she did not make certain statements to her husband when they were alone, in reference to the transaction; and if she did not state to her husband, when they were alone, that she was going to poison Jim Swoope, the defendant. The State separately objected to each of these questions, upon the ground that these statements were made by a wife to her husband, when they were alone. The court sustained each of the objections, and to each of these rulings the defendant separately excepted.

The evidence for the defendant tended to show that the shooting of Oliver was accidental; that he had a pistol which belonged to Oliver upon his lap, trying to fix a spring in it, at Oliver's request; and that while he was fooling with it, it went off, and the ball struck Oliver, who was sitting near him.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charge, and duly excepted to the court's refusal to give the same as asked: "I charge you, gentlemen of the jury, that before you can convict the defendant as charged in the indictment, you must believe beyond a reasonable doubt, and to the exclusion of every other reasonable hypothesis that Jim Swoope willfully, deliberately, and with malice aforethought killed Tim Oliver; but if you have a reasonable doubt in your minds growing out of the evidence in this case as to whether or not the shooting was accidental or intentional, you can not convict the defendant."

No counsel marked as appearing for appellant.

[Pickens v. The State.]

WILLIAM C. FITTS, Attorney-General, for the State.

HARALSON, J.—1.   There was no error in the ruling of the court, in not allowing the witness, Annie Lou Swoope, to be contradicted by her husband, Wesley Swoope.   The communications by the wife to the husband, which defendant proposed to contradict by him, were shown to have been private, when she and her husband were alone.—*Owen v. The State*, 78 Ala. 425 ; 1 Green. Ev., § 254.

2.   The charge asked by defendant was properly refused.   It excluded the jury by its terms, from finding the defendant guilty of murder in the second degree, or manslaughter in either degree, all of which were included in the indictment.   They were confined by the charge, to a conviction of murder in the first degree or to an acquittal.—*Evans v. The State*, 109 Ala. 23.

We find no error in the record, and the judgment and sentence of the lower court are affirmed.

Affirmed.