143 So.2d 637

Charles COOPER et al.

v.

Ida Bee MANN.

2 Div. 413.

Supreme Court of Alabama.

July 26, 1962.

---

Reeves & Stewart, Selma, for appellants.

Glen T. Bashore, Clanton, for appellee.

LIVINGSTON, Chief Justice.

This is the second appeal in this case. 269 Ala. 505, 114 So.2d 267.

Ida Bee Man brought suit in the Circuit Court of Dallas County, Alabama, in Equity, against Charles Cooper, Ellen Taylor Cooper and E. A. Stewart.

The bill of complaint is in one aspect and seeks discovery, and prays that respondents be required to answer certain interrogatories exhibited to the bill (Exhibit A, interrogatories to Charles Cooper; Exhibit B, interrogatories to Ellen Taylor Cooper; Exhibit C, interrogatories to E. A. Stewart).

In substance, the bill of complaint alleges that on February 6, 1957, complainant recovered of Charles Cooper, one of the respondents, a judgment in the amount of $7500, in the Circuit Court of Autauga County, Alabama, at law, and there remains a balance due on said judgment of $6550, plus costs and interest; that Charles Cooper has no visible property subject to levy and execution; that on March 17, 1958, respondent, Charles Cooper, recovered a judgment for $10,762.25 against Central Surety & Insurance Corporation in the Circuit Court of Dallas County, and that said judgment was satisfied on December 22, 1958, by E. A. Stewart, as attorney for Charles Cooper; that the alleged proceeds of the judgment of Cooper against the Central Surety & Insurance Corporation has been paid and is subject to levy and execution.

Paragraphs 6, 7 and 8 of the bill of complaint are as follows:

"6. That E. A. Stewart is the attorney for Charles Cooper and has custody, control or possession of proceeds of the said judgment against Central Surety and Insurance Corporation, the property of Charles Cooper, or has knowledge of the whereabouts of such proceeds, or of other assets of the said Charles Cooper.

"7. That Ellen Taylor Cooper is the wife of Charles Cooper and resides with him at Burnsville, Alabama, and has custody, control or possession of said proceeds, the property of Charles Cooper, or has knowledge of the location of, same or of other assets of Charles Cooper.

"8. That Charles Cooper has custody, control or possession of said proceeds. or money, and has other assets, unknown to the Complainant."

It is further alleged that complainant has been unable to locate said money or other assets of Charles Cooper, which are being concealed, and only through equity can they be subjected to levy and sale under execution.

The prayer of the bill seeks to have each respondent answer the interrogatories propounded to each, separately.

Each respondent demurred to the bill, separately. The demurrers were overruled and the respondents appealed.

The bill of complaint shows on its face that respondent, E. A. Stewart, is the attorney for Charles Cooper in and about the collection of the judgment of Cooper against the Central Surety & Insurance Corporation, and that respondent, Ellen Taylor Cooper is the wife of respondent, Charles Cooper.

The demurrers of both Cooper and Stewart take the point that the bill of complaint establishes an attorney-client relationship existing between Cooper and Stewart at the time the information sought by the interrogatories was received by Stewart, and further that there is a misjoinder of parties respondents.

It is generally held, in absence of statute, that communications between attorney and client are privileged and neither attorney nor client can be compelled to testify as to the contents of such communications. Birmingham Railway & Electric Co. v. Wildman, 119 Ala. 547, 24 So. 548; 58 Am.Jur., Witnesses, Sec. 460.

The term "communication" imports not only words uttered, but information conveyed by any other means. Therefore, sight is just as privileged as hearing, and privilege applies to all knowledge acquired in either instance, where acquisition is due to the attorney-client relation. 58 Am. Jur., Witnesses, Sec. 486. Acts as well as words fall within the privileged. Ex parte McDonough, 170 Cal. 230, 149 P. 566, L.R.A.1916C, 593.

Our statute fully recognizes the foregoing principles. Sec. 438, Title 7, Code of 1940, reads as follows:

"No attorney or his clerk shall be competent or compelled to testify in any court in this state, for or against the client, as to any matter or thing knowledge of which may have been acquired from the client, or as to advice or counsel to the client given by virtue of the relation as attorney or given by reason of anticipated employment as attorney, unless called to testify by the client, but shall be competent to testify, for or against the client, as to any matter or thing knowledge of which may have been acquired in any other manner."

We are cited to no Alabama case, nor has our research revealed a case, where the question here posed has been raised by demurrer. But there is respectable authority outside this jurisdiction to

support such procedure. See 27 C.J.S. Discovery § 5, and § 15 b. where it is said:

" * * * Common among the grounds for which demurrer will lie to a bill of discovery are: * * * that the bill seeks discovery of privileged matter; * * * "

In 17 Am.Jur., Discovery and Inspection, Sec. 78, the rule is stated as "A bill for discovery which omits some one or more of the allegations essential to the sufficiency of such a bill or which shows on its face that discovery is sought of a fact which is of a privileged nature * *, is open to objection by demurrer."

■ As before stated, the demurrer of both Cooper and Stewart raise the question of privilege between attorney and client, and they should have been sustained.

The demurrers of both Charles Cooper and Ellen Taylor Cooper, his wife, raise the point that the bill of complaint establishes the fact of the husband and wife relationship at the time the information sought was received by the wife, and is therefore, privileged.

■ The rule at common law, adopted for the protection of the marriage institution, is that neither the husband nor the wife may be a witness for or against the other. Therefore, all private and confidential communications between husband and wife are privileged and cannot be divulged by either when on the witness stand. 58 Am.Jur., Witnesses, Sec. 375.

In Swoope v. The State, 115 Ala. 40, 22 So. 479, it was held that private communications between husband and wife were privileged and neither could testify concerning them.

In Owen v. State, 78 Ala. 425, it was said:

"There is a well defined rule of law, that any transaction or communication between husband and wife, which does not on its face appear to have been intended to be public, or to become so, is shielded by the sacredness of the relation from the public eye; and neither is a competent witness to testify as to such transaction or communication, when the interests of the other are involved."

This rule embraces all knowledge obtained by reason of the relationship, and which, but for the confidence growing out of it, would not have been known. 58 Am.Jur., Witnesses, Sec. 385.

■ We can conceive of no good reason why, if the bill shows on its face the relationship of husband and wife, and that the matter is privileged, it cannot be taken advantage of by demurrer. The demurrers of Cooper and his wife raising the point should have been sustained.

■ There is another reason why the separate demurrers of the respondents should have been sustained. It is axiomatic that pleadings are construed most strongly against the pleader, and that if one alternative allegation in a bill of complaint is insufficient, the bill is demurrable. Crisp v. First National Bank of Birmingham, 224 Ala. 72, 139 So. 213; and Hays v. McCarty, 239 Ala. 400, 195 So. 241.

For the errors pointed out, the cause is reversed and remanded.

Reversed and remanded.

LAWSON, GOODWYN and COLEMAN, JJ., concur.