Defendant appeals from judgment denying his counterclaim and from denial of motion for new trial thereon. We affirm.
Plaintiff Sears brought suit upon stated account against defendant. Defendant filed counterclaim against plaintiff and a third party, Hooks. Default was taken against Hooks and judgment entered thereon in favor of defendant. Claim and counterclaim between plaintiff and defendant was tried by the judge without a jury. Judgment was rendered in favor of plaintiff for its account. Judgment was denied defendant on his counterclaim.
The matter of judgment on plaintiff's claim is not presented by the appeal. The evidence relative to the counterclaim tends to show the following: Defendant, a realtor and builder of homes in Demopolis, Alabama, contacted the contract sales manager at plaintiff's store in Selma to discuss purchase of a heating and air conditioning unit for a home defendant was building. Plaintiff's contract sales manager, Kirk, told defendant that he could sell the unit, but did not install. However, he recommended one Hooks to do the installing. Hooks was contacted by defendant or his wife and an agreement wat reached between them as to the price for installation. Hooks picked up the components of the unit from Sears with his truck and partially installed the unit in defendant's house. He collected part of his price and never returned.
Counsel for defendant stated that during discussions of the case before pleading, plaintiff's attorney had told him that Kirk had stated Jay had never paid for the unit. Counsel therefore wished to have Kirk testify as to what he communicated to plaintiff's attorney, Manley, concerning payment by Jay. Presuming denial by Kirk that he had told Manley that Jay had not paid for the unit, counsel had filed a written motion to require Manley to be an impeaching witness against his client's employee, Kirk.
The trial court denied defendant the right to question Kirk as to what he had told Manley. It also refused to require Manley to testify. The actions of the court in sustaining the objection to the above question asked of Kirk was stated to be upon the ground of privileged communication.
We find the action of the court to be correct on the ground of privilege as well as the further ground of attempt to impeach a witness upon an immaterial issue.
The ruling of the court upon the ground of privileged communication between attorney and client is supported by the cases of Birmingham Railway Electric Co. v. Wildman, 119 Ala. 547,24 So. 548 (1898), Cooper v. Mann, 273 Ala. 620,143 So.2d 637 (1962) and United States v. Woodall, 438 F.2d 1317 (5th Cir. 1970), cert. denied 403 U.S. 933, 91 S.Ct. 2262,29 L.Ed.2d 712 (1971). To require Manley to testify of disclosures to him by Kirk, an employee of his corporate client, would be contrary to the provisions of Title 7, Section 438, Code of Alabama (1940). If the position of defendant were to prevail, counsel would never discuss between themselves, before trial, the statements of their clients. To do so would make them available as *Page 458 
witnesses to impeach their own clients. Section 438, Code, protects an attorney from being placed in such position.
The cases of Vacalis v. State, 204 Ala. 345, 86 So. 92
(1920), and Stanley v. Sawyer, 237 Ala. 515, 187 So. 425 (1939) cited by the defendant are distinguishable upon the facts.Vacalis v. State, supra, did not involve communications between attorney and client but an agreement between attorney and a solicitor. Stanley v. Sawyer, supra, dealt with fraudulent acts of the client which removed all privilege. We further do not consider our decision here to be opposed to that of Ex parteGriffith, 278 Ala. 344, 178 So.2d 169 (1965), cert. denied382 U.S. 988, 86 S.Ct. 548, 15 L.Ed.2d 475 (1966). The issue in that case was whether the attorney could determine for himself that his testimony would violate the privilege. The court though stating some principles of privilege, held that whether a communication is privileged is a question of fact for the court and that the refusal of Griffith to take the stand and testify was premature.
We further find that the ruling of the court was correct because the attempt at impeachment was upon an immaterial issue. Morris v. Kaiser, 292 Ala. 650, 299 So.2d 252 (1974). There was no conflict during the trial that Jay had paid for the heating and cooling unit. All witnesses, whether for plaintiff or defendant, stated payment was made. The counterclaim of defendant was for return of payment because of non-delivery of part of the merchandise. Kirk admitted receiving payment in full from defendant. Whether he had stated otherwise before trial was totally immaterial to the issue at trial — that of delivery.
The defendant contends error in the court permitting witness Hooks to relate a telephone conversation held with Kirk. The conversation corroborated previous testimony of Kirk as to authorization by defendant to deliver the unit to Hooks for transportation to the job. Whether defendant directed plaintiff to deliver the unit to Hooks as his agent was a basic issue in the case. The testimony of Hooks relating the telephone conversation was as follows:
 "A Mr. Kirk told me that Mrs. Jay had called him and asked him would he send the equipment by me to Demopolis, and he told me that he had agreed to do that if it was all right with me; and since she wanted the job done in a hurry, I agreed to bring it on my truck free of charge to her job site in Demopolis, which I done."
The objection of defendant was made to the question precipitating the above response. It was a general objection without stating grounds as required by Rule 46, ARCP. However, if the ground is so manifest that the court and counsel cannot fail to understand it, specificity is not required. Travis v.Hubbard, 267 Ala. 670, 104 So.2d 712 (1958). A telephone conversation in which Kirk tells Hooks of statements made by defendant's wife is clearly hearsay and inadmissible.
The trial court committed error in allowing the statement of the conversation. However, we find it to be error without injury to defendant under Rule 45, ARAP. The statement by Hooks was merely cumulative and corroborative of the testimony of Kirk. Kirk had testified as to the statements made to him by defendant's wife. Hooks also had previously stated, without objection, that defendant's wife had called him and requested that he get the unit from plaintiff and bring it to defendant's house. Refusal to reverse for the erroneous ruling of the trial court is not inconsistent with substantial justice. Schneiderv. Mobile County, 284 Ala. 304, 224 So.2d 657 (1969).
The remaining issue is whether the judgment is against the preponderance of the evidence.
The trial court heard the testimony, and its judgment entered thereafter is presumed correct. Jones v. Ball, 294 Ala. 654,320 So.2d 665 (1975). That presumption is strengthened after denial of a motion for new trial. Parker v. McGaha, 291 Ala. 339, 280 So.2d 769 (1973). The primary issue presented by the pleadings and evidences *Page 459 
was whether or not there was a delivery of the merchandise to defendant through an authorized agent. It was undisputed that Hooks picked up the unit purchased by defendant from plaintiff. If it was the intention of the parties that Hooks was the agent of defendant for delivery, the contract was completed by delivery with title and risk of loss passing to defendant.Alabama Great Southern R.R. v. Clark, 136 Ala. 450, 34 So. 917
(1902). If Hooks failed to complete delivery to defendant, plaintiff was not liable for the loss. State v. Pan-Am SouthernCorp., 265 Ala. 51, 89 So.2d 747 (1956).
We find the evidence as to the relationship of Hooks to the parties to be in conflict. The question of the intention of the parties is one of fact for the court to determine from the evidence. We find the judgment of the court sufficiently supported by the evidence and its reasonable inferences so as not to be clearly wrong and unjust.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.