The defendant, Alfa Mutual Insurance Company ("Alfa"), petitions this Court for a writ of mandamus directing the Honorable Donald W. Stewart, judge of the Etowah Circuit Court, to vacate his order allowing the plaintiff, Vandra G. Mims, to depose Alfa's general counsel, Gordon Carter. The writ is denied.
Mims sued Alfa, his automobile insurance carrier, seeking damages for Alfa's alleged bad faith refusal to provide him insurance coverage.[1] Responding to the complaint, James T. Sasser, an attorney retained by Alfa to defend the action, wrote a letter to Mims's attorney asserting that Mims's action was frivolous and threatening sanctions under the Alabama Litigation Accountability Act, Ala. Code 1975, § 12-19-270 et seq. During subsequent discovery proceedings, Mims sought to depose Carter with respect to the following subject matter:
 "The name and title of the Alfa employee(s) who decided, or in any way authorized and/or ratified, Alfa's threat of sanctions against plaintiff and/or plaintiff's counsel under the Alabama Litigation Accountability Act, as referenced in the December 14, 1990, letter by Alfa's counsel, James T. Sasser.
 "a) the date that such decision, authorization and/or ratification first occurred;
 "b) every factual ground for making such decision, authorization and/or ratification;
 "c) the description and identification of all documents relating to: (i) said decision, authorization and/or ratification; (ii) the entire process by which said decision, authorization and/or ratification was initially conceived, investigated, discussed, reviewed and made."
Alfa objected to the deposition request, arguing that the information sought by Mims was protected by the attorney-client privilege and, therefore, that it was not discoverable under Rule 26, Ala.R.Civ.P. Mims filed a motion to compel the taking of Carter's deposition, and Judge Stewart ordered Alfa to comply with Mims's deposition request. This petition followed.
At the outset, we note that Mims no longer wishes to question Carter as to "[t]he name and title of the Alfa employee(s) who decided, or in any way authorized and/or ratified, Alfa's threat of sanctions . . . under the Alabama Litigation Accountability Act." In response to an interrogatory seeking the same information, Alfa voluntarily informed Mims that Carter had authorized Sasser's letter. As we read his brief, Mims does not wish to depose Carter as to any confidential communication that may have taken place between any Alfa employee and Carter or Sasser or as to any confidential communication that may have taken place between Carter and Sasser. Instead, it appears to us that Mims seeks to discover only the facts that Carter relied on in authorizing Sasser to threaten sanctions under the Alabama Litigation Accountability Act, and our decision is grounded on this being a correct assessment of Mims's discovery request.
Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." The contents of a confidential communication between an attorney and his client are privileged and, thus, are not discoverable *Page 860 
from either the attorney or his client unless the privilege is waived by the client. Ala. Code 1975, § 12-21-161; Cooper v.Mann, 273 Ala. 620, 143 So.2d 637 (1962); Birmingham Ry. Electric Co. v. Wildman, 119 Ala. 547, 24 So. 548 (1898). A corporate client is entitled to the privilege. See, e.g., Jayv. Sears, Roebuck Co., 340 So.2d 456 (Ala.Civ.App. 1976) (disclosure by an attorney of a confidential communication from an employee of a corporate client violates the attorney-client privilege); Upjohn Co. v. United States, 449 U.S. 383,101 S.Ct. 677, 66 L.Ed.2d 584 (1981) (applying the attorney-client privilege to a confidential communication between an attorney and an employee of a corporate client). See, also, J. Colquitt,Alabama Law of Evidence, § 5.2 (1990). A communication within the protection of the attorney-client privilege is any act by which information is conveyed. Cooper v. Mann, supra. By definition then, the attorney-client privilege protects only against the disclosure of the contents of the communication itself between an attorney and the attorney's client; it does not protect against the disclosure of the underlying facts by the person who has personal knowledge of those facts, even though that person may have consulted with an attorney. SeeUpjohn Co. v. United States, supra, wherein the Court noted:
 "The [attorney-client] privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney:
 " '[T]he protection of the privilege extends only to communications and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing. The client cannot be compelled to answer the question, "What did you say or write to the attorney?" but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney.' Philadelphia v. Westinghouse Electric Corp., 205 F. Supp. 830, 831
(E.D. Pa. 1962).
 "See also Diversified Industries, 572 F.2d [596], at 611; State ex rel. Dudek v. Circuit Court, 34 Wis.2d 559, 580, 150 N.W.2d 387, 399 (1967) ('the courts have noted that a party cannot conceal a fact merely by revealing it to his lawyer')."
449 U.S. at 395-96, 101 S.Ct. at 685-86. (Emphasis in original.)
After carefully reviewing the record and the briefs, we conclude that Alfa has not met its burden of showing that the information sought by Mims is privileged, see Swain v. Terry,454 So.2d 948 (Ala. 1984), and, therefore, that it has not shown a clear legal right to the relief sought. Ex parte Fielder,528 So.2d 325 (Ala. 1988). Accordingly, the writ is due to be denied.
WRIT DENIED.
HORNSBY, C.J., and ALMON, SHORES, INGRAM and COOK, JJ., concur.
[1] The facts underlying Mims's action are not pertinent to a resolution of the issue presented in this case.