REL: April 7, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2022-2023

_____

## CL-2023-0017 and CL-2023-0018

_____

### Ex parte Nathan Joseph Suhy

### PETITION FOR WRIT OF MANDAMUS

### (In re: Nathan Joseph Suhy

### v.

### Laila Venable Willard)

### (Baldwin Circuit Court, DR-19-900863.02 and DR-19-900863.03)

MOORE, Judge.

Nathan Joseph Suhy ("the father") petitions this court for a writ of mandamus directing the Baldwin Circuit Court ("the trial court") to vacate its orders granting, in part, a motion to compel discovery filed by Laila Venable Willard ("the mother") and denying, in part, the father's

motion for a protective order that was filed in response to the mother's motion to compel. We deny the father's petition.

Procedural History

The mother and the father were divorced by a judgment entered by the trial court on January 8, 2020 ("the divorce judgment"), that adopted an agreement entered into by the parties; that action was assigned case number DR-19-900863 ("the divorce action"). The father asserts in his mandamus petition that, pursuant to the divorce judgment, the parties had shared joint legal custody of their two minor children and the mother had exercised sole physical custody of the children, subject to the father's exercise of standard visitation.[1] The father subsequently filed a petition requesting a modification of the custody award and a finding of contempt

---

[1]The father attached the divorce judgment as an exhibit to the mandamus petition; however, the divorce judgment itself, which references the parties' agreement, does not include the terms of that agreement with regard to custody, and the parties' agreement does not appear among the materials attached to the father's mandamus petition before this court. Because the mother does not challenge the father's assertions regarding the award of custody in the divorce judgment, however, we take the father's averments as true. See Ex parte Turner, 840 So. 2d 132, 134-35 (Ala. 2002).

against the mother; that petition, which does not appear in the materials before this court, was assigned case number DR-19-900863.01 ("the .01 action"). The trial court entered a judgment in the .01 action on January 12, 2021, denying the father's request for sole physical custody of the children but finding the mother in contempt for having violated certain provisions of the divorce judgment.

On April 26, 2022, the mother filed a petition in the trial court requesting that the father's visitation with the children be suspended; that petition was assigned case number DR-19-900863.02 ("the .02 action"). The mother alleged, among other things, that the father had not maintained a suitable living environment for the children and that she believed that the children had been sexually abused while in the father's care. On May 24, 2022, the father filed a "petition for modification and contempt" in which he requested, among other things, that he be awarded sole physical custody of the children, an award of child support, a finding of contempt against the mother, an award of attorney's fees, and that the mother be awarded supervised visitation with the children; the father's petition was assigned case number DR-19-

3

900863.03 ("the .03 action"). The trial court entered an order on June 3, 2022, consolidating the .02 action and the .03 action.

On November 2, 2022, the mother filed a notice with the trial court, indicating that she had filed a request for the inspection of the father's electronic records and devices. A copy of that request was attached to the notice and states:

> "Please produce access to any and all electronic devices within thirty (30) days, for inspection of electronic data stored on any electronic device in possession of the [father] in the above-styled action. This request includes, but is not limited to, any and all laptops, desktops, tablets, cellular telephone and devices, electronic watches, and any other electronic device in the possession and that is used by the [father]."

On November 8, 2022, the mother filed in the trial court a motion to compel. She asserted that the father's counsel had indicated that the father did not intend to comply with her discovery request seeking inspection of the father's electronic records and devices, and she requested an order compelling the father to respond to her request for inspection, as well as sanctions in the form of a reasonable attorney's fee.

The father filed a response to the mother's motion to compel on November 9, 2022. He asserted that his electronic devices "contain

4

personal and confidential information which should not be viewed by the ... mother or her counsel," that there was "absolutely no probative value to th[e] [mother's] request," that the mother's request was "a fishing expedition by which the mother hopes to pry into the father's life," and that the request was an invasion of privacy that was not relevant to the issues in the case. On November 21, 2022, the father filed a motion for a protective order and a supplemental objection to the mother's request for inspection. He asserted, among other things, that the mother's request was overly broad, unduly burdensome, and highly prejudicial and that his devices contain data with confidential and privileged communications, including communications subject to the attorney-client privilege or protected under the work-product doctrine. The father requested a protective order stating that he was not required to turn over his electronic devices for inspection and examination by the mother and/or "her representatives, agents, or experts." The father filed, on November 25, 2022, a motion to stay the entry of an order on the mother's motion to compel.

On November 29, 2022, the mother filed a response to the father's motion for a protective order and his supplemental objection to her discovery request, and, on November 30, 2022, the mother filed a response to the father's motion to stay. On December 1, 2022, the father filed a reply to the mother's November 29, 2022, response in which he reasserted the arguments that he had previously asserted in response to the mother's motion to compel.

On December 12, 2022, the trial court entered an order granting, in part, the father's motion for a protective order. That order states, in its entirety:

> "MOTION FOR PROTECTIVE ORDER filed by [the father] is hereby GRANTED IN PART. [The father] may not assert the attorney/client privilege in such a way as to shield entire devices from examination by [the mother's] expert. If [the father] believes that there are emails, documents or other forms of electronically stored information on his devices that are privileged communications or contain privileged information, he must assert the privilege as to those items by filing a motion seeking protection from disclosure. Upon the filing of such a motion the [mother's] expert is stayed from examining those items pending the court's ruling as to the asserted privilege."

(Capitalization in original.)

CL-2023-0017 and CL-2023-0018

On December 20, 2022, the trial court entered an order addressing a number of pending motions, including the mother's motion to compel. That order provides, in pertinent part, that

> "the motion to compel filed by the mother is GRANTED in part and the father shall deliver to the mother's expert, all electronic devices specified in the mother's first request for inspection of electronic records. The mother's expert shall not disclose to the mother or her attorney, (i) confidential military electronic messages related to the father's military employment, (ii) any evidence of communication between the father and his attorney or any files related to those communications and (iii) military issued devices related to the father's employment. The father shall provide his password, pin, or any other information necessary to access these devices to the mother's expert which shall not be shared with the parties or their respective attorneys."

(Capitalization in original.)

On January 17, 2023, the father filed a petition for the writ of mandamus with this court.

<u>CL-2023-0018 -- The .03 Action</u>

We first address the father's mandamus petition to the extent it purportedly challenges orders entered in the .03 action. We note that each of the filings and orders pertaining to the mother's discovery request indicate that they were entered in the .02 action. There is no indication

7

in the materials before this court that those same filings and orders were entered in the .03 action, and the trial court's orders in the .02 action are not considered part of the .03 action merely because those actions were consolidated. See Ex parte Autauga Cnty. Dep't of Hum. Res., [Ms. 2200936, Nov. 5, 2021] ___ So. 3d ___, ___ (Ala. Civ. App. 2021). Because the father has not presented anything to this court indicating that the mother's motion to compel, the father's motion for a protective order, or the trial court's orders in response to those motions were filed or entered in the .03 action, there is nothing for this court to review in that case. Accordingly, we deny the father's mandamus petition in CL-2023-0018. See Ex parte Autauga Cnty. Dep't of Hum. Res., 348 So. 3d 403, 410 (Ala. Civ. App. 2021) (concluding that the petitioner's failure to include in the materials submitted to this court any orders entered in an action required the denial of its petition for the writ of mandamus as to that action).

## CL-2023-0017 -- The .02 Action

With regard to the orders entered in the .02 action, the father argues in his mandamus petition that his electronic devices contain

8

various forms of protected material that warrant a protective order
prohibiting those devices from examination; that the mother's discovery
request is "a fishing expedition designed to harass him"; that the
protective order entered by the trial court is insufficient to shield the
mother from obtaining the father's protected information; and that it is
unduly burdensome to require the father to retain his own expert to
create a log of the privileged data that is on his electronic devices.  In Ex
parte Ocwen Federal Bank, FSB, 872 So. 2d 810, 813-14 (Ala. 2003), our
supreme court outlined the applicable standard of review:

> "Mandamus is an extraordinary remedy and will be
> granted only where there is '(1) a clear legal right in the
> petitioner to the order sought; (2) an imperative duty upon the
> respondent to perform, accompanied by a refusal to do so; (3)
> the lack of another adequate remedy; and (4) properly invoked
> jurisdiction of the court.' Ex parte Alfab, Inc., 586 So. 2d 889,
> 891 (Ala. 1991). This Court will not issue the writ of
> mandamus where the petitioner has '"full and adequate
> relief"' by appeal. State v. Cobb, 288 Ala. 675, 678, 264 So. 2d
> 523, 526 (1972) (quoting State v. Williams, 69 Ala. 311, 316
> (1881)).
>
> "Discovery matters are within the trial court's sound
> discretion, and this Court will not reverse a trial court's ruling
> on a discovery issue unless the trial court has clearly exceeded
> its discretion. Home Ins. Co. v. Rice, 585 So. 2d 859, 862 (Ala.
> 1991). Accordingly, mandamus will issue to reverse a trial

9

court's ruling on a discovery issue only (1) where there is a showing that the trial court clearly exceeded its discretion, and (2) where the aggrieved party does not have an adequate remedy by ordinary appeal. The petitioner has an affirmative burden to prove the existence of each of these conditions.

"Generally, an appeal of a discovery order is an adequate remedy, notwithstanding the fact that that procedure may delay an appellate court's review of a petitioner's grievance or impose on the petitioner additional expense; our judicial system cannot afford immediate mandamus review of every discovery order. See Walker v. Packer, 827 S.W.2d 833, 842 (Tex.1992) ('Mandamus disrupts the trial proceedings, forcing the parties to address in an appellate court issues that otherwise might have been resolved as discovery progressed and the evidence was developed at trial.'). In certain exceptional cases, however, review by appeal of a discovery order may be inadequate, for example, (a) when a privilege is disregarded, see Ex parte Miltope Corp., 823 So. 2d 640, 644-45 (Ala. 2001) ('If a trial court orders the discovery of trade secrets and such are disclosed, the party resisting discovery will have no adequate remedy on appeal.'); (b) when a discovery order compels the production of patently irrelevant or duplicative documents, such as to clearly constitute harassment or impose a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party, see, e.g., Ex parte Compass, 686 So. 2d 1135, 1138 (Ala. 1996) (request for 'every customer file for every variable annuity' including annuity products the plaintiff did not purchase); (c) when the trial court either imposes sanctions effectively precluding a decision on the merits or denies discovery going to a party's entire action or defense so that, in either event, the outcome has been all but determined, and the petitioner would be merely going through the motions of a trial to obtain an appeal; or (d) when the trial court

impermissibly prevents the petitioner from making a record on the discovery issue so that the appellate court cannot review the effect of the trial court's alleged error. The burden rests on the petitioner to demonstrate that its petition presents such an exceptional case -- that is, one in which an appeal is not an adequate remedy. See Ex parte Consolidated Publ'g Co., 601 So. 2d 423, 426 (Ala. 1992)."

(Footnote omitted.)

We first address the father's argument that the mother's discovery request is an impermissible fishing expedition designed to harass him. The father cites Ex parte Rice, 258 Ala. 132, 138, 61 So. 2d 7, 8 (1952), and Ex parte Rowell, 248 Ala. 80, 26 So. 2d 554, 557 (1946), both of which were decided before the adoption the Alabama Rules of Civil Procedure and both of which include a determination by our supreme court that interrogatories could not be used in those cases to discover the existence of a fact then unknown as a basis for allegations necessary to a cause of action not already alleged in the complaint. In the present case, the scope of discovery in the trial court is governed by Rule 26(b), Ala. R. Civ. P., which provides, in pertinent part:

> "(1) In General. Parties may obtain discovery regarding any matter, not privileged, which is: (i) relevant to the subject matter involved in the pending action, whether it relates to

11

the claim or defense of the party seeking discovery or to the claim or defense of any other party; and (ii) proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

In Zaden v. Elkus, 881 So. 2d 993, 1006 (Ala. 2003), our supreme court confirmed that discoverable matters that are relevant to the subject matter of an action have "no immediate status as 'evidence.'" The court stated, in pertinent part:

"The proper test under Rule 26[, Ala. R. Civ. P.,] is whether the information sought for discovery is 'relevant' within the meaning of that rule. As noted, discovery of certain information is relevant at [the discovery] stage even though that information is not admissible at trial if there is the reasonable possibility that the information will lead to other information that will be admissible as evidence at trial."

881 So. 2d at 1007.

In her petition in the .02 action, the mother asserted, among other things, that the father had not maintained a suitable living environment for the children; that the mother believed the children had been sexually

12

abused while in the father's care, that the parties' oldest child had disclosed inappropriate behavior toward him by the father, and that the children had exhibited behavior that caused the mother concern. In her motion to compel discovery, the mother asserted that her requested inspection of the father's electronic devices was necessary to discover whether he was exposing the children to his "potential perverse fascinations and pornographic [Web sites.] She further asserted that multiple reports had been made to the Baldwin County Department of Human Resources regarding the father's abusive behavior toward the children.

The father does not assert in his mandamus petition that the mother's discovery request is irrelevant to the allegations made in her complaint. Rather, he asserts that her claim that the father has exposed the children to inappropriate materials "exists only in her mind" and that there has been no mention of that purported conduct in accusations that she had made to law-enforcement and other law-enforcement related agencies. "This Court has on many occasions held that the trial courts have very broad discretion regarding discovery matters under Rule 26,

13

Ala. R. Civ. P." Hunt v. Windom, 604 So. 2d 395, 397 (Ala. 1992). The father attaches to his mandamus petition, among other things, notices of his intent to serve nonparty document subpoenas on agencies to which the mother has purportedly raised allegations regarding the father's treatment of the children, including the Daphne Police Department, the Escambia County Regional Child Advocacy Center, Care House Baldwin County Child Advocacy Center, the Robertsdale Police Department, the Fairhope Police Department, and the Alabama Department of Human Resources. The father asserts, referencing attachments to his mandamus petition containing records from the Baldwin County Department of Human Resources and the Escambia County Child Advocacy Center, that "[i]n all of the shopping around to various police departments in the hopes an accusation would stick, there has been no mention of this purported conduct." Even assuming that the records from two of the six agencies that have purportedly received information related to the allegations referenced by the mother in her complaint contain no indication of the allegations sought to be discovered, we cannot conclude that those records require the denial of the mother's request to

14

inspect the father's electronic records and devices in its entirety. Because the trial court could have determined that the mother's discovery request was relevant to the allegations in her petition and had the potential to lead to admissible evidence, we do not conclude that the trial court erred in declining to deny the mother's discovery request as an impermissible fishing expedition.

We next consider the father's argument that his electronic devices contain information "that falls within the attorney-client privilege, spousal privilege, work product, and also personal, private information related to his work as a military recruiter." With the exception of his assertion regarding the existence of communications protected by "spousal privilege," we note that the remaining categories of potentially privileged information outlined by the father are addressed in the trial court's December 20, 2022, order. The father cites in support of his argument that his electronic devices contain communications between him and his spouse that deserve protection under Rule 504(b), Ala. R. Evid., which provides, in pertinent part, that "a person has a privilege to refuse to testify, or to prevent any person from testifying, as to any

15

confidential communication made by one spouse to the other during the marriage." He also cites <u>Cooper v. Mann</u>, 273 Ala. 620, 623, 143 So. 2d 637, 639 (1962), which was decided before the adoption of the Alabama Rules of Civil Procedure, for the proposition that "all private and confidential communications between husband and wife are privileged and cannot be divulged by either when on the witness stand." Presently, Rule 26(b)(6), Ala. R. Civ. P., addresses claims of privilege or protection of trial-preparation materials and provides, in pertinent part:

> "(A) When a party withholds information otherwise discoverable under these rules on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and, upon written request by any other party, shall be supported by a description of the nature of the documents, communications, or things not produced sufficient to enable the demanding party to contest the claim. This supporting description shall be served within twenty-one (21) days of the date a request is served, unless otherwise ordered."

In the present case, the materials before this court indicate that the father's only reference to a claim of privileged communications between him and his spouse occurred in the father's December 1, 2022, reply to

the mother's response to his motion for a protective order in which he asserted, in pertinent part, that the mother

"is merely on a fishing expedition in which she desires to pry into the personal life of the father with no pending allegation and review confidential attorney client information, trial strategy, marital privilege and communication between the father and his new spouse, electronic trial information conveyed via Internet and other information in a rouse [sic] and a newly alleged POTENTIAL that the children saw pornography."

(Capitalization in original.) We cannot conclude that the father's assertion in his December 1, 2022, reply satisfied the requirement in Rule 26(b)(6) that any claim regarding privileged information be supported by a description of the nature of the documents or communications or that his assertion amounts to a claim of privilege regarding communications between him and his spouse. Accordingly, we cannot conclude that the trial court clearly exceeded its discretion in excluding from its protective order any reference to items purportedly protected by "spousal privilege." See Ocwen, supra. We note, however, that the trial court's December 12, 2022, order permits the father to file a motion seeking protection from disclosure of items subject to that privilege.

17

Regarding the remainder of the information that the father asserts is protected by an evidentiary privilege or as attorney work product, the trial court entered a protective order in response to the father's request. Rule 26(c), Ala. R. Civ. P., which addresses protective orders in response to discovery requests, allows a trial court to order, among other things, "that the discovery may be had only on specified terms and conditions," "that certain matters not be inquired into or that the scope of the discovery be limited to certain matters," or "that discovery be conducted with no one present except persons designated by the court." In accordance with Rule 26(c), the trial court in the present case directed that the mother's expert shall not disclose to the mother or her attorney certain communications, messages, and devices with regard to the information protected by the attorney-client privilege and other files related to the father's legal case (e.g., attorney work product) or information related to the father's employment. In addition to those limitations, the trial court's December 12, 2022, order allows the father to assert evidentiary privileges as to specified items and to request a

ruling by the trial court before the mother's expert may proceed with a review of those additional items.

The father argues that the trial court exceeded its discretion because its December 12, 2022, order effectively requires him to retain his own expert to create a log of privileged data on his electronic devices and, he argues, such a requirement is unduly burdensome. Rule 26(b)(2)(A), Ala. R. Civ. P., provides:

> "A party need not provide discovery of electronically stored information from sources that the party identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause for compelling the discovery, considering the limitations of subdivision (b)(2)(B) of this rule. The court may specify conditions for such discovery."

In her answer to the father's mandamus petition, the mother asserts that the father failed to argue before the trial court that he was required to retain his own expert to address the mother's discovery request or that he had presented any indication that such a requirement

19

would create an undue burden or expense on the father. From all that appears in the materials before this court, the father failed to make the necessary showing before the trial court, as required in Rule 26(b)(2)(A), that allowing the mother to discover the requested information is not reasonably accessible because of undue burden or cost. Indeed, the father appears to admit in his December 1, 2022, reply to the mother's answer that he failed to make "the specific argument that he by himself cannot discern what data, metadata, and deleted items qualify as confidential, privileged, or protected." Thus, he appears to concede that he failed to argue before the trial court that the expense of hiring his own expert would create an undue burden such that the mother's discovery request was due to be denied. See Ex parte Ebbers, 871 So. 2d 776, 786 (Ala. 2003) ("In determining, on mandamus review, whether the trial court exceeded the limits of its discretion, 'the appellate courts will not reverse the trial court on an issue or contention not presented to the trial court for its consideration in making its ruling.' Ex parte Wiginton, 743 So. 2d 1071, 1073 (Ala. 1999).").

20

The father argues, however, that this court may consider his argument because of the mother's alleged admission in her answer to the father's mandamus petition that the data sought in her discovery request may be found only by a forensic expert. The mother states in her answer that a forensic examination of the father's electronic devices is necessary because, presumably, any illicit materials on the father's devices are likely to be hidden or deleted by the father, thereby requiring an expert to extract those hidden files. We cannot agree with the father that the mother's statement amounts to an admission that the father can identify the data sought in the mother's discovery request only by employing a forensic expert. Moreover, the father admits in his mandamus petition that the mother had offered to pay for the extraction of data and metadata from his electronic devices. Accordingly, we cannot conclude that the father has shown that he will bear any cost, let alone undue cost, as a result of the mother's discovery request or the limitations and conditions placed on that request by the trial court such that the trial court clearly exceeded its discretion. See Ocwen, supra.

The father also challenges the trial court's December 20, 2022, order. He asserts that, because that order allows the mother's expert to determine whether the information on his electronic devices is confidential, privileged, or protected, the trial court's order effectively appointed the mother's hired expert as a "de facto special master," an appointment that he asserts was error. There is no indication in the materials before us, however, that the father presented his argument that the trial court had erroneously appointed the mother's expert as a special master to the trial court at any time. Accordingly, we decline to address that argument. See Ebbers, supra. We acknowledge that the father argued in his November 21, 2022, motion for a protective order that the mother's request to allow her expert to search his electronic devices and to determine whether the data on those devices amounts to privileged or protected information is "highly and unfairly prejudicial." The father fails, however, to present any argument or any citation to authority in support of that assertion in his mandamus petition; instead, he limits his challenges to the trial court's December 20, 2022, order to his argument that the mother's expert is disqualified from serving as a

special master. Accordingly, the father has failed to show that the trial court clearly exceeded its discretion with regard to its December 20, 2022, order.

Because the father has failed to show a clear legal right to the relief sought, we deny his petition.

CL-2023-0017 -- PETITION DENIED.

CL-2023-0018 -- PETITION DENIED.

Thompson, P.J., and Hanson and Fridy, JJ., concur.

Edwards, J., concurs in the result, without opinion.