Rel:  April 26, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2023-2024

_____

## CL-2023-0811

_____

## Ex parte Gene Warhurst, Jr., P.C.

## PETITION FOR WRIT OF MANDAMUS

## (In re: Tenley Fullington Warhurst

## v.

## Ernest Eugene Warhurst, Jr.)

## (Baldwin Circuit Court:  DR-20-901162)

PER CURIAM.

Gene Warhurst, Jr., P.C. ("the law firm"), has petitioned this court

to issue a writ of mandamus directed to the Baldwin Circuit Court ("the

trial court") compelling the trial court to grant the law firm's motion to quash a nonparty subpoena that was served upon it. Although we do not grant the specific relief requested, we grant the petition and direct the trial court to comply with Rule 45(c)(3)(A)(iii), Ala. R. Civ. P.

Background

On October 12, 2020, Tenley Fullington Warhurst ("the wife") filed a complaint in the trial court, seeking a divorce from Earnest Eugene Warhurst, Jr. ("the husband"), who subsequently filed an answer and a counterclaim for a divorce. During a hearing on March 22, 2022, the wife's counsel indicated that the wife intended to request that the husband produce, for the purposes of a forensic examination, the Apple-brand cellular telephone that he regularly used; however, at that time, the cellular telephone was in the custody of the Fairhope Police Department, which had seized the telephone after the husband had been charged with stalking the wife. On June 2, 2023, after the stalking charges were dismissed, the trial court ordered the husband to obtain the cellular telephone from the Fairhope Police Department and to produce the cellular telephone to the wife.

After receiving the cellular telephone, the wife's expert determined that its hard drive had been damaged by water intrusion, preventing access to any data stored on the hard drive. On August 31, 2023, the wife filed a motion alleging that the husband had intentionally damaged the cellular telephone and requesting that the trial court order the husband to produce the passcode for the cellular telephone and the username and password for the iCloud electronic-data-storage account ("the iCloud account") linked to the cellular telephone. On September 22, 2023, the husband filed an objection to the motion; he attached to the motion his affidavit, in which he attested that he had not intentionally damaged the cellular telephone, that the cellular telephone and the iCloud account linked thereto were owned by his law firm, Gene Warhurst, Jr., P.C. ("the law firm"), and that the iCloud account contained confidential communications that were protected from discovery by the attorney-client privilege. The trial court denied the wife's motion.

On September 26, 2023, the trial court instructed the wife to file a nonparty subpoena, to be served on the law firm, requesting the password for the iCloud account. On September 27, 2023, the wife filed a notice of intent to serve a nonparty subpoena on the law firm and a motion to

shorten the time for the law firm to respond to the subpoena. The husband objected to the nonparty subpoena; however, on October 6, 2023, the trial court granted the motion to shorten the time for the husband to comply with the subpoena, thereby impliedly overruling his objection. On October 11, 2023, the wife served the nonparty subpoena on the law firm, requesting that the law firm produce, by 9:00 a.m. the following day, "[the cellular telephone that the husband had] retrieved from the Fairhope Police Department," the passcode to access the cellular telephone, and the password for the iCloud account. On October 13, 2023, the law firm filed a motion to quash the nonparty subpoena insofar as it sought the password to the iCloud account; the trial court summarily denied the motion to quash on October 16, 2023. On November 15, 2023, the law firm filed a petition for the writ of mandamus with this court, seeking an order requiring the trial court to grant its motion to quash the nonparty subpoena.

Timeliness

This court has jurisdiction over this petition pursuant to Ala. Code 1975, § 12-3-11. The wife argues, however, that the mandamus petition was not filed within a reasonable time as required by Rule 21(a)(3), Ala.

4

R. App. P. Citing the extensive litigation over the discovery of the data on the cellular telephone, the wife posits that the husband, who she characterizes as an alter ego of the law firm, knew as early as March 2022 that the trial court would allow her expert access to that data through a forensic examination and that the petition for the writ of mandamus should have been filed, at the latest, within a reasonable time from the entry of the June 2, 2023, order requiring the husband to produce the cellular telephone.

The June 2, 2023, order, in essence, granted the wife discovery of the "electronically stored information" contained on the hard drive of the cellular telephone. See Rule 26(b)(2), Ala. R. Civ. P., and the Committee Comments to Amendment to Rule 26 Effective February 1, 2010. According to the materials before this court, the iCloud account contains different and far more electronically stored information than the hard drive of the cellular telephone. Thus, the nonparty subpoena requesting production of the password for the iCloud account can be characterized only as a new discovery request. The trial court directed the wife to make that request directly to the law firm through a nonparty subpoena; however, the request could have been made directly to the husband if the

trial court had determined that he controlled the law firm because Rule 34(a), Ala. R. Civ. P., expressly allows a party to serve requests for production for the purpose of discovering electronically stored information "in the possession, custody, or <u>control</u> of the party upon whom the request is served." (Emphasis added.) The trial court evidently determined that the law firm was a separate entity with ownership and control over the iCloud account, as the husband maintained. Accordingly, the trial court never ordered the husband to produce the password for the iCloud account; it ordered only the law firm to provide that information. That order was entered on October 16, 2023, when the trial court denied the law firm's motion to quash.

Based on Rule 21(a)(3), Ala. R. App. P., "[i]n domestic-relations cases, a party aggrieved by an order of a circuit court generally has 42 days from the date of the entry of that order to file a petition for the writ of mandamus." <u>Ex parte Laymon</u>, 343 So. 3d 32, 34 (Ala. Civ. App. 2021). The law firm filed this mandamus petition within 42 days of the October 16, 2023, order denying its motion to quash, in compliance with Rule 21(a)(3), and, thus, the petition is not untimely.

6

## Standard of Review

As to the merits, "a mandamus petition may be used to review rulings on motions to quash subpoenas from parties and nonparties." Ex parte Summit Med. Ctr. of Montgomery, Inc., 854 So. 2d 614, 616 (Ala. Crim. App. 2002).

> "'"A writ of mandamus is 'appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.' Ex parte BOC Group, Inc., 823 So. 2d 1270, 1272 (Ala. 2001)."'"

Ex parte Brown, 963 So. 2d 604, 606-07 (Ala. 2007) (quoting Ex parte Rawls, 953 So. 2d 374, 377 (Ala. 2006), quoting in turn Ex parte Antonucci, 917 So. 2d 825, 830 (Ala. 2005)).  A petition for the writ of mandamus is the appropriate method for seeking review of a discovery order that disregards a privilege or "compels the production of patently irrelevant or duplicative documents, such as to clearly constitute harassment or impose a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party." Ex parte Ocwen Fed. Bank, FSB, 872 So. 2d 810, 813 (Ala. 2003).

## Issues

In ruling on a petition for the writ of mandamus regarding a discovery dispute, an appellate court is limited to the arguments on which the trial court based its decision. See Ex parte Newby, 194 So. 3d 913, 917 (Ala. 2015). In its motion to quash, the law firm argued that the request for the password to the iCloud account exceeded the scope of discovery because it would allow the wife access to all the electronic information stored in the iCloud account, including confidential communications protected by the attorney-client privilege, without a showing that the information was relevant to the claims and defenses in the divorce action between the husband and the wife and was proportional to the needs of the case. See Rule 26(b)(1), Ala. R. Civ. P. The law firm also argued that the subpoena failed to allow a reasonable time for compliance with the request.

## Analysis

A party may obtain electronically stored information from a nonparty through Rule 45(a)(1)(C), Ala. R. Civ. P., so long as that information is within the scope of discovery under Rule 26(b)(1), Ala. R. Civ. P. See generally Ex parte Meadowbrook Ins. Grp., Inc., 987 So. 2d

8

540, 551 (Ala. 2007) (applying Rule 26, Ala. R. Civ. P., when determining whether nonparty subpoena should be quashed or modified for exceeding scope of discovery). Under Rule 26(b)(1), a party "may obtain discovery regarding any matter, not privileged, which is: (i) relevant to the subject matter involved in the pending action, ... and (ii) proportional to the needs of the case." When a nonparty subpoena requires production of electronically stored information that is privileged, is not relevant to the subject matter of the litigation, or is disproportional to the needs of the case, the nonparty may move for an order quashing the subpoena. See Rule 45(c)(3)(A), Ala. R. Civ. P.

The first step in determining whether a trial court has impermissibly allowed discovery requires this court to "determine the particularized need for discovery, in light of the nature of the claim." Ex parte Rowland, 669 So. 2d 125, 127 (Ala. 1995). The wife filed a complaint seeking a divorce from the husband on the grounds of incompatibility of temperament and an irretrievable breakdown of the parties' marriage, an equitable division of the marital property, and an award of periodic alimony. On March 22, 2022, during a hearing before the trial court, the wife's counsel indicated that the wife would seek

discovery of the electronically stored information on the husband's cellular telephone to determine whether he had used the cellular telephone in a manner that violated the orders of the trial court. After the husband produced the cellular telephone to the wife for forensic examination, her expert determined that the hard drive needed to be rebuilt because it had sustained water damage. The expert stated in an affidavit that, once the hard drive was rebuilt, he would need, among other things, the password to the iCloud account to decrypt the data on the hard drive.

The nonparty subpoena requires the law firm to produce the password to the iCloud account without any limitation that it be used for the purpose of decrypting the data in the cellular telephone. The materials before the trial court and this court show that the iCloud account contains more than just the electronic information that had been stored on the cellular telephone. To the extent that the nonparty subpoena provides the wife and her expert access to electronically stored information beyond the data previously stored on the hard drive of the cellular telephone, the wife has failed to show any particularized need for that discovery.

Furthermore, the wife did not closely tailor the request for electronically stored information to the claims made in the divorce proceedings. Assuming the wife was seeking information as to any marital misconduct the husband may have committed to prove her claims for alimony or property division, see Ex parte Drummond, 785 So. 2d 358, 363 (Ala. 2000) (recognizing that trial court may consider the fault of the parties in causing the breakdown of the marriage when determining property division and alimony even when the divorce is granted on grounds of incompatibility), or any other misconduct that may form the basis of a contempt claim for violating the orders of the trial court, the wife did not request that the law firm produce that specific information. The wife requested and was allowed the password to the iCloud account, which gives her complete access to all electronically stored information from the devices linked to that account regardless of the nature of the data. In that respect, the request for the password to the iCloud account was overly broad and disproportionate to the needs of the case, see Ex parte Henry, 770 So. 2d 76, 80 (Ala. 2000) (approving of an order limiting discovery that was overbroad and not closely tailored to the fraud claims made in the complaint), and essentially authorizes the wife and her

11

expert to embark on a fishing expedition throughout the law firm's iCloud account without making a targeted request reasonably calculated to lead to the discovery of admissible evidence. See Ex parte Baggett, 297 So. 3d 1168, 1175-76 (Ala. 2019) (issuing a writ of mandamus to quash nonparty subpoenas "neither proportional to the needs of the case nor reasonably calculated to lead to the discovery of admissible evidence").

The nonparty subpoena also impermissibly provides the wife access to confidential communications protected from discovery by the attorney-client privilege. The wife does not dispute that the law firm's iCloud account contains confidential communications protected from discovery by the attorney-client privilege. See Rule 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged ....") (emphasis added); Ex parte Alfa Ins. Corp., 284 So. 3d 891, 904 (Ala. 2019) ("It is well settled that, absent some exception to the attorney-client privilege, '[t]he contents of a confidential communication between an attorney and his client are privileged and, thus, are not discoverable from either the attorney or his client unless the privilege is waived by the client.' Ex parte Alfa Mut. Ins. Co., 631 So. 2d 858, 859-60 (Ala. 1993)."). In her answer to the husband's mandamus petition, the wife essentially

concedes that, unless quashed or modified, the subpoena will give her access to those privileged communications, although no client has waived the attorney-client privilege and no exception to the privilege applies. See Rule 502(d), Ala. R. Evid. (setting forth exceptions to privilege).

Rule 45(c)(3), Ala. R. Civ. P., provides, in pertinent part:

"(A) On timely motion, the court by which a subpoena was issued <u>shall</u> quash or modify the subpoena if it

"....

"(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

"(iv) subjects a person to undue burden."

(Emphasis added.) "Our supreme court has consistently held that the word 'shall' is mandatory when used in a rule promulgated by that court." <u>Martin v. Martin</u>, 637 So. 2d 901, 902 (Ala. Civ. App. 1994). In adopting Rule 45(c)(3)(A), our supreme court intended that, when a nonparty subpoena improperly requires disclosure of privileged information, a trial court must either quash or modify the subpoena. <u>See generally</u> <u>Crews v. Jackson</u>, 218 So. 3d 368, 372 (Ala. Civ. App. 2016) (holding that use of the term "shall" in Rule 64B, Ala. R. Civ. P., evidences an intent that courts must comply with the letter of the rule); <u>see also</u> <u>Jordan v.</u>

13

Commissioner, Mississippi Dep't of Corr., 947 F.3d 1322, 1335 (11th Cir. 2020) (construing Rule 45(d)(3), Fed. R. Civ. P., the federal counterpart to Rule 45(c)(3), Ala. R. Civ. P., as a mandatory provision requiring federal district courts to quash or modify a nonparty subpoena in enumerated circumstances).

Rule 510(b)(4), Ala. R. Evid., provides that "[a]n Alabama court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court -- in which event the disclosure is also not a waiver in any other Alabama proceeding." The dissent argues that the law firm should not be entitled to mandamus relief to avoid producing confidential attorney-client communications because it has an adequate remedy in Rule 510(b)(4). We disagree.

Rule 510(b)(4) is patterned after Rule 502(d), Fed. R. Evid. See Advisory Committee's Notes to Amendment to Rule 510 Effective October 1, 2013. Rule 502(d) applies only to unintentional disclosures of attorney-client privileged information and protects a party who has voluntarily, although inadvertently, disclosed such information from thereby waiving the privilege in the underlying proceeding and any other federal litigation. See Potomac Elec. Power Co. & Subsidiaries v. United States,

14

107 Fed. Cl. 725, 731 (2012). Rule 502(d) does not provide a mechanism for a federal court to compel a person to disclose attorney-client privileged information by ordering that the disclosure shall not be considered a waiver of the privilege. See Winfield v. City of New York, No. 15-cv-05236 (LTS) (KHP), May 10, 2018 (S.D.N.Y. 2018) (not reported in Federal Supplement). The person withholding information that is allegedly protected by the attorney-client privilege may not petition the court for an order under Rule 502(d), but, if ordered to produce the information, the remedy remains the traditional petition for a writ of mandamus. See Logsdon v. BNSF Ry. Co., No. 8:15-CV-232, Apr. 19, 2017 (D. Neb. 2017) (not reported in Federal Supplement). That persuasive authority indicates that an order under Rule 510(b)(4) would not be appropriate in this case.

Furthermore, we are not convinced that an order under Rule 510(b)(4) serves as an adequate remedy. The law firm seeks to prevent the wife and her expert from accessing any confidential attorney-client communications in the first instance. A Rule 510(b)(4) order of the type contemplated by the dissent would require the law firm to produce those communications, subject to an order providing that the disclosure shall

not be treated as a waiver of the privilege. Nothing in the language of Rule 510(b)(4) indicates that the rule is designed to dilute the attorney-client privilege in this manner. If Rule 510(b)(4) could be used to require the law firm to perform the very act of disclosure it seeks to avoid, that rule presents no remedy at all. The law firm may obtain relief only through a writ of mandamus compelling the trial court to protect the attorney-client privileged information from being disclosed by appropriately limiting the scope of the subpoena.

We conclude that the law firm has a clear legal right to the relief afforded by Rule 45(c)(3)(A). Based on the mandatory language in Rule 45(c)(3)(A), the trial court had an imperative duty to either quash or modify the nonparty subpoena. In this case, the trial court refused to perform that duty by denying the law firm's motion to quash without explanation and without modifying the subpoena to limit its scope or to protect any privileged communications from disclosure. In Ex parte Ocwen Federal Bank, FSB, 872 So. 2d at 813, our supreme court recognized that, in these circumstances, the issuance of a writ of mandamus constitutes the only adequate remedy.

16

The law firm requests that this court issue a writ of mandamus directing the trial court to quash the nonparty subpoena; however, Rule 45(c)(3)(A), although otherwise mandatory, does not provide that a trial court must quash a subpoena in every case in which the subpoena requires disclosure of irrelevant and privileged information. Instead, the rule specifically provides that a trial court shall "quash <u>or</u> modify" the subpoena. This court may only direct the trial court to comply with Rule 45(c)(3)(A) by either quashing or modifying the subpoena. <u>See generally</u> <u>Ex parte W.Y.</u>, 605 So. 2d 1175, 1177 (Ala. 1992) (holding that, in mandamus proceedings, a petitioner may seek to compel a trial court to perform a mandatory duty, but the petitioner "may not compel a <u>particular result</u>").

Conclusion

Based on the foregoing, we grant the petition for a writ of mandamus, but we direct the trial court to follow Rule 45(c)(3)(A)(iii) by either quashing or modifying the nonparty subpoena in accordance with this opinion. Based on our disposition, we pretermit any discussion of whether the trial court also abused its discretion in shortening the time for the law firm to respond to the nonparty subpoena. The trial court

17

may reconsider the deadline for compliance should it decide to modify the nonparty subpoena.

PETITION GRANTED; WRIT ISSUED.

Moore, P.J., and Edwards, Fridy, and Lewis, JJ., concur.

Hanson, J., dissents, with opinion.

HANSON, Judge, dissenting.

Because I would deny the petition for the writ of mandamus on the basis of the availability of another adequate remedy, I respectfully dissent from the main opinion. There is no indication that petitioner Gene Warhurst, Jr., P.C. ("the law firm"), has sought an order from the Baldwin Circuit Court ("the trial court") pursuant to Rule 510(b)(4), Ala. R. Evid., under which the disclosure of information in the iCloud electronic-data-storage account "connected with the litigation pending before the court"[1] would expressly not effect a waiver of applicable attorney-client privileges in the underlying proceeding or "any other Alabama proceeding." It is well settled that a writ of mandamus will not issue when the petitioner has another adequate remedy. See Ex parte Fancher, 272 So. 3d 654, 657 (Ala. Civ. App. 2018), and Ex parte J.E.W., 608 So. 2d 728, 729 (Ala. 1992).

---

[1]The attorney-client privilege, which belongs to the law firm's clients and not the law firm (see Rule 502(b), Ala. R. Evid.), is not waived by compelled disclosure, see Rule 511, Ala. R. Evid. Ergo, in my view, the trial court retains the authority to accelerate discovery in a manner that does not prevent subsequent assertion of potential applicable privileges, see Transamerica Computer Co. v. International Business Machines Corp., 573 F.2d 646 (9th Cir. 1978), nor reward the apparently deliberate destruction of the cellular telephone in question.